<hr />

MARGARET MURPHY *vs.* CITY OF LOWELL.
PATRICK MURPHY *vs.* SAME.

**Middlesex.** Jan. 16. — June 28, 1878. ENDICOTT & SOULE, JJ., absent.

Under the charter and ordinances of the city of Lowell, although the exclusive control of the construction of common sewers is delegated to the board of aldermen, the sewers, when constructed, become the property of the city, the board of aldermen act as agents of the city, and the city is liable for any negligence in the course of construction by which an injury is caused to person or property.

TWO ACTIONS OF TORT. The first was for personal injuries occasioned to the plaintiff by a stone thrown against her from a blast exploded in making excavations in the construction of a sewer in Suffolk Street, in Lowell. The second was brought by the husband of the plaintiff, in the first case for loss of services of his wife on account of the same injury, and also for injuries to his dwelling-house by stones from similar blasts. Answer, a general denial.

At the trial in the Superior Court, before *Rockwell*, J., it appeared that by the city charter of Lowell, which was duly accepted on July 1, 1875, the board of aldermen alone was au-

thorized to cause main drains and common sewers to be laid down through any streets or private lands in Lowell; and that, in pursuance of this authority, the board of aldermen, by a resolution passed on December 28, 1875, duly approved by the mayor, ordered a common sewer to be built in Suffolk Street. There was no evidence that the city council passed any order or vote concerning the construction of this sewer.

It appeared that by the ordinances of the city of Lowell the superintendent of streets, under the direction of the mayor and board of aldermen, should superintend the building of common sewers; that the sewer in Suffolk Street was in process of construction under the direction of the board, in pursuance of the resolution, and under the superintendence of the superintendent of streets; that the latter employed one Holden to take charge of the building of the sewer, and Holden employed the workmen who worked thereon; that the superintendent of streets was paid a salary by the city, but received no other compensation; that Holden and the men whom he employed were paid by the city for the labor they performed; that on Suffolk Street there was a deep ledge of very hard rock, which it was necessary to blast in order to construct the sewer; that on April 3, 1876, Holden had charge of the blasting operations; that, owing to the carelessness of the workmen in blasting, the plaintiff in the first case, while in the exercise of due care, was struck on the head by a stone thrown from the blast and received the injuries complained of; that the plaintiff in the second case owned the house where he and his wife resided, and that the same was damaged by similar blasts.

Upon this evidence, the judge ruled that, under the city charter, the power to lay and construct common sewers was confided to the board of aldermen; and that the city would not be liable on account of an injury caused by the carelessness of the workmen in blasting, while excavating for the construction of the sewer in question, authorized by resolution of the board of aldermen, and approved by the mayor, though the construction was under the superintendence of the superintendent of streets, in accordance with a provision of an ordinance of the city, and the workmen employed by him to do the work were paid by the city. The jury, by consent of parties, returned a verdict for the

defendant in each case; and the judge reported the cases for the determination of this court. If the rulings were correct, the verdicts were to stand; otherwise, they were to be set aside and new trials ordered.

*J. F. McEvoy & F. T. Greenhalge*, for the plaintiffs.

*D. S. Richardson & G. F. Richardson*, for the defendant, contended that, in the construction of sewers, the mayor and aldermen acted as public officers, and not as agents of the city; and cited *Hafford* v. *New Bedford*, 16 Gray, 297; *Walcott* v. *Swampscott*, 1 Allen, 101; *Griggs* v. *Foote*, 4 Allen, 195; *New Bedford* v. *Taunton*, 9 Allen, 207; *Barney* v. *Lowell*, 98 Mass. 570; *Fisher* v. *Boston*, 104 Mass. 87; *Alger* v. *Easton*, 119 Mass. 77.

GRAY, C. J. By the present charter of the city of Lowell, it is provided that " the board of aldermen shall have the power, whenever they shall adjudge it to be necessary for the public convenience or the public health, to cause main drains or common sewers to be laid through any street or private lands, and may repair the same whenever necessary, and shall pay the owners of such lands such damages as they may sustain by the laying or repairing of said main drains or common sewers; and all such main drains or common sewers shall be the property of the city; " and that all the existing ordinances of the city shall continue in force until repealed by the city council. St. 1875, *c.* 173, §§ 27, 36.

Those ordinances provide that " the superintendent of streets, under the direction of the board of aldermen, shall superintend the building of all common sewers and drains that may be built under the authority of said board, and shall, under the direction of the committee on sewers, make all contracts for labor and materials therefor, shall report to the auditor of accounts the names of all persons liable to be assessed for the expense of constructing or repairing sewers or drains, and shall keep a record of all his proceedings; " and that a portion, not exceeding one half, of the expense of constructing any main drain or common sewer "shall be assessed by the board of aldermen upon every person who enters his particular drain into such main drain or common sewer, or who by more remote means receives benefit thereby for draining his cellar or land." Ordinances of Lowell, (ed. 1876,) 68, 110.

The powers thus conferred by the charter and ordinances upon the board of aldermen of Lowell accord with the general laws of the Commonwealth. St. 1869, *c.* 111. Gen. Sts. *c.* 48, § 4. The case is governed by the decisions of this court, by which it is settled that in the ministerial duty of constructing sewers, which become the property of the city, and the expense of constructing which may be assessed upon the lands immediately benefited, the board of aldermen act as agents of the city, and the city is liable for any neglect in the course of construction by which an injury is caused to person or property. *Child* v. *Boston*, 4 Allen, 41. *Emery* v. *Lowell*, 104 Mass. 13. *Hill* v. *Boston*, 122 Mass. 344, 358, 359, 365, 374, 375.

*Verdicts set aside.*