PATRICK WALSH, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Appellants.

Under and by the provisions of the acts under which the New York and Brooklyn Bridge was constructed (Chap. 399, Laws of 1867; Chap. 601, Laws of 1874; Chap. 300, Laws of 1875), the bridge belongs to the two cities of New York and Brooklyn, the trustees thereof are their agents, and those employed by the trustees are the agents and servants of the cities, for whose careless and negligent acts in performing the duties of their employment the cities are liable.

(Argued October 4, 1887; decided October 18, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 20, 1886, which affirmed an interlocutory judgment herein entered upon an order overruling a demurrer to plaintiff's complaint. (Reported below, 41 Hun, 299.)

The pleadings are set forth in the opinion.

*David J. Dean* for appellants. The trustees of the New York and Brooklyn Bridge, not being the agents of the mayor, aldermen and commonalty of the city of New York, the last named corporation is not the superior of the laborers in the employment of the said trustees, and is not responsible for the negligent acts or omissions of such laborers. (Laws of 1867, Chap. 399, p. 948; Laws of 1874, Chap. 601; Laws of 1875, Chap. 300.) The legislature has power thus to establish new civil divisions for special purposes, and to define the duties and obligations of the officers of such divisions. (*People* v. *Draper*, 15 N. Y. 532; *Met. Bd. Health* v. *Heister*, 37 id. 667; *People ex rel. Mullin* v. *Sheperd*, 36 id. 285.) The defendants do not bear such a relation to the negligent laborer as to become liable for his act or omission, under the principle *respondeat superior*. (*Maximillian* v. *Mayor, etc.*, 62 N. Y. 163; *Pack* v. *Mayor, etc.*, 8 id. 222; 2 Dillon on Corp. § 974; *Mayor* v. *Bailey*, 2 Den. 433, 437; *Walcott* v. *Swampscott*, 1 Allen, 101; *White* v. *Phillipston*, 10 Metc. 108; *Hafford* v.

*Bedford*, 16 Gray, 297; *Riggs* v. *Foote*, 4 Allen, 195, 197;
*Buttrick* v. *Lowell*, 1 id. 172; *Kimball* v. *Boston*, id. 417;
*Child* v. *Boston*, 4 id. 41, 52; *Morrison* v. *Lawrence*, 98
Mass. 219; *Russell* v. *Mayor, etc.*, 2 Den. 481; *Fisher* v.
*Boston*, 104 Mass. 87; *Ham* v. *Mayor, etc.*, 70 N. Y. 459;
*N. Y. & B. S. M. Co.* v. *Brooklyn*, 71 id. 580. The defend-
ants are not liable for the negligence of the trustees or of their
employes. (*Martin* v. *Mayor, etc.*, 1 Hill, 545; *Lorillard* v.
*Town of Monroe*, 11 N. Y. 392, 396; *Bk of Comm.* v.
*Mayor, etc.*, 43 id. 184; *Atwater* v. *Baltimore*, 31 Md. 462;
*Hafford* v. *City of N. Bedford*, 82 Mass. 297; *Fisher* v.
*Boston*, 104 id. 87; *Walcott* v. *Swampscott*, 83 id. 101; *Butt-
rick* v. *Lowell*, id. 172; *Terry* v. *Mayor, etc.*, 8 Bosw. 504;
*Russell* v. *Mayor, etc.*, 2 Den. 473, 481; *Maximilian* v. *Mayor,
etc.*, 62 N. Y. 162, 169; *Ham* v. *Mayor, etc.*, 70 id. 461; *Heiser*
v. *Mayor, etc.*, 104 id. 71; *Tone* v. *Mayor, etc.*, 70 id. 157.)
If it be conceded that the trustees are agents of the two cities,
yet the municipal corporation is not held liable in damages for
the negligent act of a person employed by them, because the
duties imposed by the statutes in relation to the bridge
are of a governmental or public character imposed for
the public, or general (not corporate) benefit. (1 Dillon
on Mun. Corp. [3d ed.] 88, § 66; 2 id. 968; *Bailey* v.
*Mayor, etc.*, 3 Hill, 531; 2 Denio, 433, 446; *O'Meara* v.
*Mayor, etc.*, 1 Daly, 425; *Richmond* v. *Long*, 17 Gratt. 375;
*Sherbourn* v. *Yuba*, 21 Cal. 113; *Oliver* v. *Worcester*, 102
Mass. 489, 499; *Detroit* v. *Corey*, 9 Mich. 165; *Bigelow* v.
*Randolph*, 14 Gray, 544; *Eastman* v. *Meredith*, 36 N. H.
284; *Murphy* v. *Com'rs*, 28 N. Y. 142; Story on Agency,
§ 319; *Whitfield* v. *Lord de Spencer*, Cowp. 343.) No
liability falls on the city for malfeasance of such a duty as is
imposed in the case. (*Russell* v. *Mayor, etc.*, 2 Den. 461;
*Lorillard* v. *Monroe*, 11 N. Y. 392; *Ham* v. *Mayor, etc.*, 70
id. 459; *Maximilian* v. *Mayor, etc.*, 62 id. 162, 164; *Smyth*
v. *Rochester*, 76 id. 506; *N. Y. & B. S. M. Co.* v. *Brooklyn*,
71 id. 580; *McKay* v. *Buffalo*, 9 Hun, 401; 74 N. Y. 610;
*Donovan* v. *Bd Edn.* 85 id. 117; *Morey* v. *Town of Newfane*,

.8 Barb. 654; *Ensign* v. *Supervisors*, 25 Hun, 20; *N. Y. & B. S. M. Co.* v. *Brooklyn*, 71 N. Y. 583.)

*Charles J. Patterson* for respondent. A public officer who cannot be controlled in the performance of his duty or discharged by the municipality is often its agent, so that it must answer for wrongs committed by him or his subordinates. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Barnes* v. *Columbia*, 91 U. S. 540; 76 N. Y. 475.) Assuming that the trustees are the agents of the cities, the case is the same as though the latter engaged directly in the work, and they would be liable for the cause of action stated in the complaint. (*Bailey* v. *Mayor, etc.*, 3 Hill, 531; 2 Den. 433; *Mersey Docks* v. *Gibbs*, 11 H. of L. 686; *Scott* v. *Manchester*, 2 H. & N. 204; *Childs* v. *Boston*, 4 Allen, 41; *Hand* v. *Brookline*, 126 Mass. 324.)

EARL, J. The following is a copy of the plaintiff's complaint in the action:

"That now, and at all times hereinafter mentioned, the defendants were, and each of them was, a domestic municipal corporation, duly incorporated under the laws of this State, for the municipal government of the cities of New York and Brooklyn, in this State, respectively.

That, on the 12th day of May, 1883, said defendants were engaged in the construction of a work known as the New York and Brooklyn Bridge, through their agents and officers who were known as the trustees of the said New York and Brooklyn Bridge, which said bridge was intended to, and did span the waters of the East river, and connect the two cities aforesaid.

Said defendants, acting through the said trustees as their agents, as aforesaid, employed a certain laborer to labor for them in the construction of the said bridge, and while said laborer was so doing, and acting within the scope of his employment for said defendants, he carelessly and negligently let fall from the said bridge a heavy plank of wood, which, being allowed to fall as aforesaid, struck the plaintiff upon the foot as he was passing over Water street, a public highway in

the city of New York, beneath said bridge, whereby the bones of his foot were broken, and it was otherwise severally injured and bruised, and he was made ill and lame and prevented from attending to his business, to his damage in the sum of $10,000, all of which happened without fault or neglect on the plaintiff's part.

At least thirty days before the commencement of this action the claim of the plaintiff upon which this action is founded was presented to the comptroller of the city of New York, and also to the chief fiscal officer of the city of Brooklyn, separately, in writing, and duly verified, and each of said officers have neglected and refused to make an adjustment or payment thereof for more than thirty days after such presentment.

Wherefore, said plaintiff demands judgment against the defendant for $10,000, and the cost of this action."

To this complaint the mayor, aldermen and commonalty of the city of New York demurred, on the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. The issue of law formed by the demurrer was brought to argument at a Special Term of the Supreme Court and the demurrer was overruled, and an interlocutory judgment was ordered for the plaintiff, The Mayor, etc. of New York then appealed to the General Term and there the order was affirmed, and this appeal was then brought. The contention of the appellants is that the trustees of the New York and Brooklyn Bridge are not the agents of the city of New York, and that the city, therefore, is not the superior of the laborers in the employment of the trustees, and not responsible for their negligent acts and omissions.

The New York and Brooklyn Bridge was constructed under the acts, chapter 399 of the Laws of 1867, chapter 601 of the Laws of 1874, and chapter 300 of the Laws of 1875. In section 1 of the latter act it was provided that the bridge should be completed and managed "for and on behalf of the cities of New York and Brooklyn as a consolidated district for that purpose." As was said by us in *People ex rel. Murphy* v.

*Kelly* (76 N. Y., 475, 489), it is not perceived for what purpose the language " as a consolidated district" found in the act of 1875 was inserted. It certainly has no bearing upon this discussion and adds nothing to the force of the other language used.    The bridge was to be completed and managed on behalf of the two cities jointly.    Section 3 of the same act provides that the bridge " shall be a public work to be constructed by the two cities."    The two cities in the proportions mentioned in the act were to furnish all the funds for the construction of the bridge.    The trustees of the bridge were to be appointed by the city officials of the two cities.    All the real estate purchased by the trustees was to belong to the two cities jointly, and the bridge and all its appurtenances, and all the property connected with it was to belong absolutely to the two cities in shares to each of the cities equal to the amount paid by them for the construction of the bridge and for the land and appurtenances thereof.    All the revenues of the bridge were to belong to the two cities and were to be used for the payment of the indebtedness created by the cities for its construction. As the bridge is the property of the two cities, any revenue derived therefrom, after the payment of debts created for the construction thereof, would go into the treasuries of the two cities.    So in every sense and in every view the bridge was constructed and is managed for the two cities, and the trustees appointed by the city officials represent the two cities as their agents.    Hence they and the persons employed by them are the agents and servants of the cities for whose careless and negligent acts they are liable. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264.)    This conclusion we think is rendered necessary by our prior decisions in the case of the *People ex rel. Murphy* v. *Kelly* (*supra*), and in the case of this plaintiff for this same accident against the trustees of the New York and Brooklyn Bridge (96 N. Y. 427).

The judgment should be affirmed.

All concur.

Judgment affirmed.