## PATRICK CURRAN vs. CITY OF BOSTON.

Suffolk.   March 10, 1890. — May 23, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — City — Agency — House of Industry.*

The city of Boston is not liable for personal injuries occasioned to an inmate of its house of industry by the negligence of the officers and servants employed by the board of directors of public institutions to administer its affairs, although at the time such inmate is engaged in labor from which the city derives a profit.

TORT for personal injuries occasioned to the plaintiff through the alleged negligence of the defendant city, its officers or agents.

At the trial in the Superior Court, before *Barker,* J., the plaintiff offered to prove, that, in September, 1888, he was convicted of the offence of refusing to support his family, and was sentenced to imprisonment in the workhouse or house of industry established by the defendant city on Deer Island in Boston Harbor; that the city maintained gas works upon the island for the manufacture of gas for use in and about its various buildings there, as well as a wharf where the coal used upon the island was stored, and from which it was carted among other places to the gas works; that at the time of the accident and during his term of imprisonment the plaintiff was at work, as he had been directed, under the supervision of an officer of the defendant city, in carting coal from the wharf to the works; that in loading or unloading the coal upon or from the cart, by reason of a defect in its construction or in the method of loading it, in either case through the negligence of the defendant's

officers or agents, the load of coal fell upon the plaintiff, who was at the time in the exercise of due care, and injured him; that the defendant had contracted with various persons for the labor of the prisoners in the manufacture of clothing and other articles, from which contracts then subsisting it derived large profits; and that the gas made at the works, and to be made from the coal which the plaintiff was engaged in carting, was used in lighting the rooms where the prisoners were engaged in carrying out these contracts of the defendant city.

The judge ruled that the plaintiff could not maintain his action against the defendant, and that his remedy, if any, was against the officers and servants who, the plaintiff contended, were guilty of the alleged negligence, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*E. Greenhood*, for the plaintiff.

*R. W. Nason*, for the defendant.

DEVENS, J. The plaintiff was an inmate of the workhouse or house of industry belonging to the city of Boston, situated on Deer Island, having been convicted of the misdemeanor of not supporting his family, and having been legally sentenced to confinement there. He was injured while engaged in unloading coal, and it must be assumed was prepared to prove that he himself was in the exercise of due care, and that the officers and servants employed in this institution were negligent. The single question presented is whether these officers and servants — engaged in conducting the work incident to the maintenance of the workhouse of the city and to the employment of the inmates thereof, from whose employment it derives a certain amount of revenue, such officers and servants being also engaged in the management of the city's property employed in the business of the workhouse — are agents of the city, for whose negligence in the performance of their duties it is responsible.

It is a general principle, that municipal corporations are not liable to private actions for omissions or neglect in the performance of a corporate duty imposed upon them by law, or for that of their servants engaged therein, when such corporations derive no benefit therefrom in their corporate capacity, unless such action is given by statute. *Oliver* v. *Worcester*, 102 Mass. 489,

and cases cited.   The contention of the plaintiff is, that the case at bar is distinguishable, because, as a mere volunteer, the city has devoted property intended mainly for corporate purposes to other purposes for its own advantage, as in *Oliver* v. *Worcester*, *ubi supra;* that it has voluntarily undertaken a work partially for the public good with a view to this, and to relieve itself from burdens peculiar to itself; and that it has embarked in an enterprise partly commercial, from which it receives a partial remuneration for its expenditures out of a special class in the community, so that the entire expense of conducting the work-house is not met by taxation.   While the workhouse is main-tained primarily by the city at its own expense, it was not by law compelled to establish this institution.   The plaintiff's argu-ment concedes that, when established, its officers and servants were selected by the board of directors of public institutions, not by the city; but it urges that they are still to be deemed the agents of the city, as the act of establishing such an in-stitution is voluntary, and the imposition of the ministerial duties upon such officers is the act of the municipality, and that therefore it. is immaterial whether the ministerial duties involved in the administration of such an institution are cast by statute upon a board over whose tenure of office the city has no control.

The authority to erect and maintain a workhouse, or alms-house, to relieve therein poor and indigent persons, is given by the Pub. Sts. c. 33, § 1 (Gen. Sts. c. 22, § 1).   The same section provides that offenders of the class to which the plaintiff be-longed are to be there maintained, when sentenced thereto by proper authority.   The Pub. Sts. c. 207, § 29, provide that such offenders may be sentenced "for a term not exceeding six months to the house of correction, or to the house of industry or workhouse within the city or town where the conviction is had, or to the workhouse, if any there is, in the city or town in which the offender has a legal settlement, if such town is within the county."   There is no imperative direction that the city shall establish a workhouse, but by law it is responsible for all the county charges of Suffolk County, and if the convict were sentenced to confinement therein, his expenses would necessa-rily be paid by it.   Pub. Sts. c. 22, § 6.   By the more general

law, any city or town which has in the house of correction an inmate having his settlement in such town is liable for the cost of his support. Pub. Sts. c. 220, § 61. By the statute authorizing the erection and maintenance of workhouses by a city, a mode of performing a strictly public duty is provided for, which cannot be of any pecuniary advantage to the cities or towns instituting them. No such case is presented as exists where a city has undertaken to build particular works, as waterworks, sewers, etc., and where a city acts as an agency to carry on an enterprise to some extent commercial in its character, for the purpose of furnishing conveniences and benefits to such as choose to pay for them. The element of consideration then comes in, and in such cases it is usually held that a liability exists on the part of the city for an injury to an individual through negligence in building or maintaining such works. *Child* v. *Boston*, 4 Allen, 41. *Oliver* v. *Worcester*, 102 Mass. 489. *Emery* v. *Lowell*, 104 Mass. 13. *Merrifield* v. *Worcester*, 110 Mass. 216. *Murphy* v. *Lowell*, 124 Mass. 564. *Tindley* v. *Salem*, 137 Mass. 171.

The action of the city in establishing the workhouse was purely for the public service, and for the general good in providing for the care and support of offenders for whose maintenance it was responsible. While in some cases the statute enjoins and directs action similar to this, and in others permits it, as there is in either case no element of corporate advantage or of pecuniary profit to the city, it is not to be held responsible because it exercised the option which was given to it to undertake what it did. *Hafford* v. *New Bedford*, 16 Gray, 297. *Fisher* v. *Boston*, 104 Mass. 87. In *Tindley* v. *Salem, ubi supra*, the cases in regard to the liability of towns for the acts of servants or agents were carefully collected and considered by Mr. Justice Charles Allen. Referring to the distinction attempted to be drawn between negligence of the servants of a town or city in the performance of a duty imperatively required, and one voluntarily assumed by authority of the statute, he remarks: " This distinction does not affect the resulting liability. There are many provisions of statute, by which all municipal corporations must do certain things, and may do certain other things, -in each instance with a view solely to the general good. In

looking at these provisions in detail, it is impossible to suppose that the Legislature have intended to make this distinction- a material one in determining the question of corporate liability to private actions. For example, towns must maintain pounds, guide-posts, and burial grounds; and may establish and maintain hospitals, workhouses, or almshouses. . . . In all of these cases, the duty is imposed or the authority conferred for the general benefit. The motive and the object are the same, though in some instances the Legislature determines finally the necessity or expediency, and in others it leaves the necessity or expediency to be determined by the towns themselves. But when determined, and when the service has been entered upon, there is no good reason why a liability to a private action should be imposed when a town voluntarily enters upon such a beneficial work, and withheld when it performs the service under the requirement of an imperative law." We are of opinion, therefore, that the city cannot be held liable upon the ground that the workhouse was established by it voluntarily.

Upon another ground, also, the city cannot be held liable for the alleged negligence of the officers and servants engaged with the plaintiff in the work in the performance of which he was injured. When the city established the workhouse, the inspection, ordering, and government thereof were placed by law in the hands of "the board of directors for public institutions" for the county of Suffolk. This is a board of public officers whom the city council of Boston are required to elect by concurrent vote. While certain powers are given to this board by statute, and certain ordinances may be passed by the city council, not inconsistent with the statute, as to the performance of its duties, it is an independent body, in whom is vested the administration of the public institutions. It is not an agent of the city, nor does it perform any duties as such. St. 1857, c. 35. As the board is not in any proper sense the agent or servant of the city, those whom it employs cannot be so considered.

Nor do we perceive any reason why the city should be held responsible because some revenue is derived from the labor of the inmates. It is required by the statute that these inmates should be kept at work, but the institution is not conducted with a view to pecuniary profit. It is not suggested that the ex-

penses of maintaining the workhouse are met by what is derived from the labor of the inmates, or that any profit above them is made. Even if the entire expense is not met by taxation by reason of the profit thus derived, such profit is purely incidental. The object and purpose of the workhouse and the conduct of it are not thus shown to be of the nature of a business. It only appears that as a public institution it is managed in a judicious and economical manner.

It was, therefore, correctly ruled that the plaintiff could not maintain his action against the city, and that his remedy, if any, was against the officers and servants alleged to be guilty of the negligence by which he claimed to have been injured.

*Exceptions overruled.*