## PATRICK BREEN *vs.* CHARLES R. FIELD & others

Franklin.    September 27, 1892. — October 21, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Sewer — Liability of Selectmen — Due Care — Negligence — Action — Evidence.*

In an action against the selectmen of a town for personal injuries occasioned to the plaintiff by the negligence of the defendants, in failing to provide suitable means of support for the sides of a trench in which they had employed the plaintiff to lay pipe for the purpose of building a public sewer in one of the streets of the town, the questions whether the sides of the trench, the falling in of which was caused by a wash-out, were properly supported, and whether the plaintiff, who was experienced in building sewers, and was ignorant of the wash-out, in digging out the sides of the trench to the extent which he did in order to lay the pipe, and in failing to observe the condition of the sides of the trench, was in the exercise of due care, are for the jury.

The selectmen of a town, who are engaged in building a public sewer in one of its streets, are liable to an action for injuries occasioned to a person employed by them to lay pipe in the bottom of a trench, by reason of their failure to provide a proper support for the sides of the trench.

In an action against the selectmen of a town for personal injuries occasioned to the plaintiff by the negligence of the defendants, in failing to provide suitable means of support for the sides of a trench in which they had employed the plaintiff to lay pipe for the purpose of building a public sewer in one of the streets of the town, the records of the town, showing the laying out of the sewer by the selectmen, and the votes of the town accepting the location and appropriating money to build the sewer, are admissible in evidence.

MORTON, J.    This is an action of tort against the defendants, as selectmen of the town of Greenfield, for personal injuries occasioned to the plaintiff by the negligence of the defendants in failing to provide suitable means of support for the sides of a trench in which they had employed the plaintiff to lay pipe for the purpose of building a public sewer in one of the streets of Greenfield.    The plaintiff contends that he was in the exercise of due care, and that in consequence of the want of support the sides of the trench fell in upon him while at work.

There was testimony that the sides of the trench were not safe, and the jury might have found, properly enough, that if the sides had been supported they would not have fallen in.    As to the plaintiff's care, it appeared that, although he was an old hand

at building sewers, there was testimony tending to show that there had been a wash-out a short time before, of which he was ignorant, at the place where the falling in occurred, and that this caused the falling in. The extent to which he dug out the side of the trench to lay the pipe, and whether that had anything to do with the falling in, and whether he was in the exercise of due care in doing it, were all questions for the jury. It cannot be said that he assumed the risk, when he was ignorant of facts on which perhaps a proper appreciation of the risk depended. Whether he was or was not ignorant of them, or whether he could have failed in the exercise of due care to observe the condition of the sides of the trench, were also questions for the jury.

The remaining question is whether there was any evidence tending to show that the injury to the plaintiff was due to the neglect by the defendants of any duty which they owed to him. We think there was. The injury to the plaintiff did not result from a defect in the plan of the sewer. It occurred in the course of its construction, through a failure to support the sides of the trench. The building of the sewer was in the control of the defendants. They did not superintend or direct the work of its actual construction, although there is evidence that the chairman was there occasionally, but not every day, while it was building. But they hired the plaintiff, and Day, the engineer, and Waite, the superintendent, and furnished the material that was required in its construction. In building the sewer they were performing a ministerial duty for the benefit of the town. This duty belonged to them by virtue of their office, but was nevertheless ministerial. *Murphy* v. *Lowell*, 124 Mass. 564. The sewer when built belonged to the town; but its construction was not authorized by the town in the performance of a duty imposed by general laws upon it and other towns, and upon cities, for the general benefit, like those, for instance, requiring schools for children between certain ages. The construction was authorized by the town for its benefit and that of its inhabitants.

The defendants themselves employed the plaintiff, as they had the right to do, to lay pipe in the bottom of the trench. The case is not, therefore, one in which they employed a competent superintendent who employed and set the plaintiff to work in the

place where he was injured, whatever the effect of that might have been.    The defendants were not bound to hire the plaintiff and set him to work in the bottom of the trench, but, having done so, they are liable to him for any injury which occurred to him in the course of his employment through any negligence on their part.    Whether they were acting as public officers or agents, or not, could under the circumstances make no difference as to their duty to the defendant.    They were bound, when they hired him to work in a particular place, to see that it was reasonably safe, and that materials were furnished to make it so, and if any injury occurred to him through their neglect in these respects, they are liable.    *Nowell* v. *Wright*, 3 Allen, 166.    *Osborne* v. *Morgan*, 130 Mass. 102.    *Kranz* v. *Long Island Railway*, 123 N. Y. 1.

They voluntarily assumed the responsibility of setting him to do a particular kind of work in a particular place, and they cannot avoid the duty which that act imposed upon them as to him. The fact that the town may also be liable does not relieve them. *Eaglesfield* v. *Marquis of Londonderry*, 4 Ch. D. 693.

This case is not like that of a postmaster required by law to employ certain subordinates, nor that of a captain of a man of war, whose officers and crew are assigned to it by the same authority that assigns him to its command, though even they are liable for injuries occurring through their own negligence. *Nicholson* v. *Mounsey*, 15 East, 384.    *Whitfield* v. *Le Despencer*, Cowp. 754.    Nor is it the case of an agent following the directions of his principal as to hiring and setting a person to work, without any control or direction himself in relation to the matter, and acting only within the strict line of his authority.    The defendants had full control over the work, over the hiring of the men to do it, and, if they chose to exercise it, over the manner in which it should be done, and they hired and set the plaintiff to work in the place where he was injured.    It is a question for the jury whether his injury was due to any neglect on their part to take proper precautions for his safety.    *Jones* v. *Bird*, 5 B. & Ald. 837.    *Hall* v. *Smith*, 2 Bing. 156.    *Schinotti* v. *Bumsted*, 6 T. R. 646.    *Hill* v. *Boston*, 122 Mass. 344, and cases cited.

The records of the town, showing the laying out of the sewer by the selectmen, and the votes of the town accepting the loca-

tion and appropriating money to build the sewer, were properly admitted to show the relation of the defendants to the work in which the plaintiff was engaged.

*Exceptions sustained.*

*C. G. Delano*, for the plaintiff.

*W. S. B. Hopkins & F. L. Greene*, (*F. B. Smith* with them,) for the defendants.