## PATRICK BREEN vs. CHARLES R. FIELD & others.

Franklin.    September 19, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Assumption of Risk — Exceptions.*

In an action for personal injuries occasioned to the plaintiff, while in the employ of the defendants as selectmen of a town, by the caving in of one of the sides of a trench in which he was engaged in laying pipes for a sewer, there was evidence that he was a man skilled and experienced in this business; that the caving in was caused by the trench being dug through a place where the earth had been washed away more than a year before and the place refilled; and that the plaintiff was ignorant of the fact that there had been a washout. There was also evidence that before the bank caved in it appeared to be shaky and cracked; and that the plaintiff's attention was called to this, and he said he would look out, that he would keep his eye on it, "and jump quick enough." This was denied by the plaintiff in his testimony. On this branch of the case, the jury were instructed that, if the plaintiff knew the risk and voluntarily assumed it, he could not recover; that, if he did not know it, he might recover, if the jury were satisfied on the other parts of the case. At the close of the charge, the plaintiff requested the judge to instruct the jury as follows: " Any extraordinary danger at the particular place where he was injured, the plaintiff, if he did not know and appreciate it, cannot be held to have assumed." The judge refused to give this instruction. *Held*, that the plaintiff had no ground of exception.

No exception lies to the refusal to give an instruction in the language requested, if it has been given in substance and in another form.

TORT, against the selectmen of the town of Greenfield, for personal injuries occasioned to the plaintiff by the negligence of the defendants in failing to provide suitable means of support for the sides of a trench, in which they had employed the plaintiff to lay pipes for the purpose of building a public sewer in one of the streets of the town. After the former decision, reported in 157 Mass. 277, the case was tried in the Superior Court, before *Fessenden*, J. The jury returned a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*C. G. Delano*, for the plaintiff.

*F. L. Greene*, for the defendants.

LATHROP, J. The plaintiff was injured by the caving in of one of the sides of a trench in which he was at the time engaged

in laying pipes for a sewer. There was evidence that he was a man skilled and experienced in this business; that the caving in was caused by the trench being dug through a place where the earth had been washed away more than a year before, and the place refilled; and that the plaintiff was ignorant of the fact that there had been a washout. There was also evidence that before the bank caved in it appeared to be shaky and cracked; and that the plaintiff's attention was called to this, and he said he would look out, that he would keep his eye on it, "and jump quick enough." This was denied by the plaintiff in his testimony.

On this branch of the case, the jury were instructed that, if the plaintiff knew the risk and voluntarily assumed it, he could not recover; that, if he did not know it, he might recover, if the jury were satisfied on the other parts of the case. At the close of the charge, the plaintiff requested the court to instruct the jury as follows: " Any extraordinary danger at the particular place where he was injured, the plaintiff, if he did not know and appreciate it, cannot be held to have assumed." This instruction the judge refused to give; and the only exception in the case is to this refusal.

We are of opinion that the presiding justice was not bound to give the instruction requested. It had already been given in substance, and the court was not bound to repeat it in another form. If a person knows the risk he runs, he may be said to know the danger and appreciate the risk. See *Miner* v. *Connecticut River Railroad,* 153 Mass. 398; *Anderson* v. *Clark,* 155 Mass. 368.

*Exceptions overruled.*