PATRICK COAN *vs.* CITY OF MARLBOROUGH.

Middlesex.    March 27, 1895. — July 23, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Assumption of Risk — Due Care — Liability of Municipality for Negligence in Building Sewer.*

If, in an action for personal injuries occasioned to the plaintiff by the negligence of the defendant city in failing properly to brace the sides of a trench in which it had employed the plaintiff to work in the construction of a sewer in one of its streets, there is evidence in favor of the defendant's contention that the plaintiff knew and appreciated the danger, and assumed the risk, but not conclusive, as there is also evidence of other facts proper for the consideration of the jury, the question is one of fact for their determination.

A municipality is liable to a private action for negligence in building or maintaining sewers.

TORT, for personal injuries occasioned to the plaintiff by the negligence of the defendant in failing properly to brace the sides

of a trench in which it had employed the plaintiff to work in the construction of a sewer in one of its streets. The declaration contained one count under the employers' liability act, St. 1887, c. 270, § 1, cl. 1. At the trial in the Superior Court, before *Bishop,* J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions, the nature of which appears in the opinion.

*S. H. Smith,* (*J. Lowell, Jr.,* with him,) for the defendant.

*G. L. Mayberry,* for the plaintiff.

BARKER, J. 1. The defendant now concedes that there was evidence that the sides of the trench were not sufficiently shored.

2. Whether the plaintiff knew and appreciated the danger from the lack of proper shoring was a question of fact. He knew that the trench was not close-sheathed, and saw what portions of its sides were not covered, knew the nature of the soil and the depth of the trench, and that blasting was done to remove rock at the bottom, and that small quantities of earth frequently fell from the sides, and he had worked much in such trenches. These things make in favor of the contention that he knew and appreciated the danger, and assumed the risk of injury. But they are not conclusive, as there was evidence of other facts proper for the consideration of the jury. The plaintiff was a common laborer, working where he was told to work, and having no discretion as to where he should stand. He had a right to rely upon the inspection of the shoring and of the condition of the sides of the trench made by his superiors after each blast before allowing the workmen again to enter the trench, and he was not charged with the decision of the question whether there was danger. Neither the fact that inconsiderable quantities of earth were frequently falling, nor his experience in trenches, can be said to show, as matter of law, that he appreciated the danger. See *Breen* v. *Field,* 157 Mass. 277, 278, and 159 Mass. 582; *Lynch* v. *Allyn,* 160 Mass. 248, 254; *Hennessy* v. *Boston,* 161 Mass. 502.

3. The defendant also contends that a verdict should have been ordered in its favor, because the construction of the sewer was a public duty undertaken for the public good and not for any pecuniary reward; and argues that the duty of maintaining

a public sewer is of far more serious importance to the general public than the maintenance of a fire department, a workhouse or a public hospital, in respect to each of which undertakings the doctrine for which it contends has been held to prevent a recovery, and in the case of the fire department even as to a laborer, to whom the city by contracting to hire him had a duty, springing from an implied term of the contract of hiring, to use due care to furnish a safe place in which to do his work. See *Benton* v. *City Hospital*, 140 Mass. 13 ; *Curran* v. *Boston*, 151 Mass. 505; *Pettingell* v. *Chelsea*, 161 Mass. 368.

It has long been settled by our decisions that, because sewers are built and maintained partly for the private benefit and advantage of the abutters, who pay in part for such advantages, and because the charge of sewers is not an obligation imposed by law without the assent of the municipality, but voluntarily assumed, a municipality is liable to a private action for negligence in building or maintaining them. *Child* v. *Boston*, 4 Allen, 41, 52. *Emery* v. *Lowell*, 104 Mass. 13, 15. *Hill* v. *Boston*, 122 Mass. 344, 359. *Murphy* v. *Lowell*, 124 Mass. 564. *Tindley* v. *Salem*, 137 Mass. 171, 172. *Curran* v. *Boston*, 151 Mass. 505, 508. *Breen* v. *Field*, 157 Mass. 277, 278. In *Hennessy* v. *Boston*, 161 Mass. 502, an action like the present, the point was not raised. The sewer in building which the present plaintiff was hurt was one which the defendant had voluntarily assumed to construct, and in respect of which the owners of estates whose particular drains enter it are bound to pay annual rentals. The case is governed by the doctrine of *Child* v. *Boston* and *Murphy* v. *Lowell*.

*Exceptions overruled.*