Strafford, ⎱
March 7, 1905. ⎰

## LOCKWOOD, *Adm'r,* v. DOVER.

A city is liable for negligence in the construction and maintenance of its sewers, on the ground that the performance of such work is not a matter of mere public service, governmental in its nature and imposed by law without the assent of the municipality, but is a private, corporate act, undertaken for local advantage, and voluntarily assumed.

A city is liable for the negligence of officers who are entrusted with the performance of a duty voluntarily undertaken by the municipality for its particular local advantage or pecuniary profit.

In the construction and maintenance of sewers, the street and park commissioners of Dover are officers and agents engaged in the management of property owned or employed by the city in its private, corporate capacity, for whose negligence the municipality is responsible.

CASE, for negligence. The declaration contains three counts. The first count alleges that the defendants own and maintain a common sewer for carrying away surface water and sewerage from the dwelling-houses in the city, which empties into a brook that runs through the lot on which the plaintiff's dwelling is located; that they so negligently managed the sewer that large quantities

VOL. LXXIII. 14

of filth and excrement were emptied into the brook, and were allowed to become deposited upon its bed and banks and to remain exposed, rendering the plaintiff's premises unhealthy and causing offensive and unwholesome smells and stenches to pervade the dwelling; and that by reason thereof the plaintiff's intestate sickened and died. .The second count alleges that the defèndants own and maintain a system of water-works for the purpose of furnishing to citizens a supply of water for domestic and other uses, receiving compensation therefor; that the defendants were negligent in not cleaning out their water-pipes and providing means whereby they could be cleaned out; and that in consequence thereof, foreign and decayed matter became lodged in the city's pipes, entered the pipes leading to the plaintiff's dwelling, and was there drank by the plaintiff's intestate, causing him to sicken and die. In the third count the negligent acts and omissions alleged in the first two are set out as concurring causes.

The defendants filed a special demurrer, setting forth that the declaration contains separate causes of action, arising from the alleged negligent acts of two distinct boards,—the board of street and park commissioners (Laws 1903, *c.* 223) and the board of water commissioners (Laws 1881, *c.* 256, *s.* 20),—that the street and park commissioners are public officers over whom the city has no control, and for whose negligent acts and omissions it is not responsible, and that the declaration is void for duplicity. The demurrer was overruled by *Chamberlin*, J., at the February term, 1904, of the superior court, and the defendants excepted.

*Walter W. Scott, Frank E. Blackburn*, and *James A. Edgerly*, for the plaintiff.

*George T. Hughes*, for the defendants.

BINGHAM, J. Whether the negligence complained of in the first and third counts was due to the acts or omissions of the board of street and park commissioners while acting in pursuance of the legislative act under which they were created, or of other officers of the city, is matter of proof and cannot be gathered from the declaration. If it was not due to the acts or omissions of the board of street and park commissioners, but of some recognized agency of the city, it seems clear that the demurrer was properly overruled. If, on the other hand, the negligent acts or omissions were those of the street and park commissioners, then the question is presented whether the commissioners, in the construction and management of the sewers of the city, are independent officers performing a public, governmental duty, or are officers and agents

of the city, engaged in the management of property owned or employed by the city in its private, corporate capacity.

The charter of the city of Dover provides that "the city council shall have power to construct drains and common sewers through any highways, streets, or private lands, paying the owners such damages as they shall sustain thereby, such damages to be assessed by the mayor and aldermen, in the same manner, with the same right of appeal, as is provided by law in regard to the laying out of highways by the selectmen of towns, and to require all persons to pay a reasonable sum for the right to open any drain into such public drain or sewer." Laws 1855, *c.* 1699, *s.* 19. In 1867, this provision was made a general law applicable to all cities. G. S., *c.* 44, *s.* 9. In 1870, the legislature passed an act providing that the board of mayor and aldermen in cities "may lay, make, maintain, and repair all main drains or common sewers which they shall adjudge necessary for the public convenience or the preservation of the public health," in any city where the city council shall adopt the provisions of the act. Laws 1870, *c.* 5, *ss.* 1, 6. Whether this act was adopted by the city councils of Dover does not appear; but in the revision of the laws in 1878, the act of 1870 was made a general law applicable to all cities, without regard to its being adopted by the city councils (G. L., *c.* 78, *s.* 6), and section 9, chapter 44, of the General Statutes was re-enacted. G. L., *c.* 48, *s.* 8. In the revision of 1891, these provisions were not changed. P. S., *c.* 50, *s.* 8; *Ib.*, *c.* 79, *s.* 2. Whether section 2, chapter 79, is inconsistent with section 8, chapter 50, or simply confers additional authority, it is now unnecessary to consider. It is clear that the city had authority to construct sewers. *Portsmouth Gas Light Co.* v. *Shanahan*, 65 N. H. 233, 241.

Our statutes also provide that all main drains and common sewers, when constructed, shall be "the property of the city" (P. S., *c.* 79, *s.* 2); and as a consideration for undertaking the work, the city may require all persons to pay a reasonable sum for the right to open any drain into any public drain or common sewer (P. S., *c.* 50, *s.* 8), or may cause to be assessed "upon the persons whose drains enter such main drains or common sewers, or whose lands receive especial benefit therefrom in any way, their just share of the expense of constructing and maintaining the same." P. S., *c.* 79, *s.* 4. When cities voluntarily accept the provisions of such laws by acting under them, it is held that the work which they undertake is not a mere matter of public service, for the general and common good, and governmental in its nature, but of private, corporate advantage, for the negligent performance of which they may be liable in damages for injury to

persons or property. *Eastman* v. *Meredith*, 36 N. H. 284, 291, 292; *Rowe* v. *Portsmouth*, 56 N. H. 291; *Clark* v. *Manchester*, 62 N. H. 577, 579; *Portsmouth Gas Light Co.* v. *Shanahan*, 65 N. H. 233, 241, 242; *Roberts* v. *Dover*, 72 N. H. 147; *Child* v. *Boston*, 4 Allen 41; *Oliver* v. *Worcester*, 102 Mass. 489; *Emery* v. *Lowell*, 104 Mass. 13, 15; *Haskell* v. *New Bedford*, 108 Mass. 208; *Murphy* v. *Lowell*, 124 Mass. 564; *Bates* v. *Westborough*, 151 Mass. 174, 182, 184; *Coan* v. *Marlborough*, 164 Mass. 206, 208, and cases there cited; Will. Mun. Liab., ss. 156, 157, 160.

In *Roberts* v. *Dover*, *supra*, this court said: "In *Rowe* v. *Portsmouth*, 56 N. H. 291, it was held that in maintaining a public sewer a city is bound to use that degree of care and prudence which a discreet and cautious individual would use if the whole loss or risk was to be his alone. . . . The fact that it is a public corporation, performing certain public duties, does not exempt it from liability for negligence when performing a work not imposed upon it as a public agent, but voluntarily assumed by it under a legislative license. Having undertaken the construction and management of a system of sewerage for the local accommodation and convenience, its duties to individuals liable to be damaged thereby is measured by the same rule of ordinary care and prudence under the circumstances as would be applied if it were a private business corporation, partnership, or individual engaged in the same work."

It may be regarded as settled by our decisions that a municipality is liable to an action for negligence in building and maintaining sewers, not because they are a source of direct pecuniary profit, but because they are built and maintained for the particular local advantage of the municipality, and because the charge of their construction and maintenance is not an obligation imposed by law without the assent of the municipality, but voluntarily assumed.

The same rule of liability is recognized and enforced where cities accept a statute authorizing them to lay and maintain water-pipes for the purpose of supplying their inhabitants with water, and to receive payment therefor. *Grimes* v. *Keene*, 52 N. H. 330; *Rhobidas* v. *Concord*, 70 N. H. 90; *Hand* v. *Brookline*, 126 Mass. 324; *Bacon* v. *Boston*, 154 Mass. 100; *Powers* v. *Fall River*, 168 Mass. 60; *Aldrich* v. *Tripp*, 11 R. I. 141; *Hourigan* v. *Norwich*, 77 Conn. 358; *Bailey* v. *New York*, 3 Hill 531; Will. Mun. Liab., s. 38.

But it is contended that the mere fact that cities and towns may be liable for the negligent conduct of their agents in the management of sewers is not determinative of the defendants' liability in this case to the plaintiff, for the reason that the board of street

and park commissioners are not officers and agents of the city, but are public officers for whose acts the defendants are not responsible. Laws 1903, *c.* 223. In support of this contention, reliance is placed upon the decision in *Gross* v. *Portsmouth*, 68 N. H. 266, where it was held that the water commissioners of the city of Portsmouth, who were given the control and management of a system of water-works which the city was authorized to purchase and develop for the purpose of furnishing its inhabitants with a water supply, and to receive compensation therefor, were public officers for whose negligent acts the city was not responsible. The question therefore arises whether the conclusion there reached is to be followed. It is to be noted that the powers conferred upon the city of Portsmouth by the act of 1891 (*c.* 209) are not governmental in their nature, but authorize it to purchase the water-works of a private company and to develop and enlarge the same for its own private advantage and gain. Upon the acceptance of the act and the purchase of the water-works, the city entered upon a private business undertaking; and as the law stood at the time of the passage of the act, the city would be responsible at common law for the negligence of its officers and agents in the management of the property. *Grimes* v. *Keene*, 52 N. H. 330; *Rhobidas* v. *Concord*, 70 N. H. 90; *O'Brien* v. *Derry*, *ante*, p. 198; *Hand* v. *Brookline*, 126 Mass. 324. In view of this state of the law, can it be said that the legislature, by providing in the act for a board of water commissioners to manage and control the water-works, intended to relieve the city from its common-law liability as owner of the property?

The recognized rule for determining whether a city or town is responsible for the acts of any particular officers or agents is the character of the duty in the performance of which they were engaged at the time of the injury. If it is a public, governmental duty, in the performance of which the corporation is clothed with sovereignty, then the officer is not to be regarded as the agent of the corporation, for whose negligence it can be held responsible. *Connor* v. *Manchester*, *post.*, p. 233; *Edgerly* v. *Concord*, 62 N. H. 8; *Bates* v. *Rutland*, 62 Vt. 178; *Daly* v. *New Haven*, 69 Conn. 644. But if it is a private, municipal duty,—one voluntarily undertaken by the corporation for its particular local advantage or pecuniary profit,—then the officer, as respects that duty, is the agent of the corporation, for whose negligence it is liable, as in the case of private corporations or parties. Will. Mun. Liab., *ss.* 11, 12, 17, 24, 26.

Applying this rule of construction to the statute creating the board of water commissioners for the city of Portsmouth, it is clear that the commissioners in the performance of the duties there

prescribed are the officers and agents of the city. That statute does not say that the acts of the board and its officials shall be the acts of public officers. It does not say that the members of the board shall have no authority to contract in behalf of the city. On the contrary, it provides that they " may make all such contracts and agreements for and on behalf of the city in relation [to the construction and enlargement of the works] as they may deem proper and advisable," that they shall annually report to the city councils the condition of the water-works, the funds belonging to the department, and its expenses and income, that they shall pay all moneys received on account of the works into the city treasury, and that " with the approval and consent of the city councils " they may sell such portion of its real estate as " may be found unnecessary for the maintenance and use of the water-works by the city." Laws 1891, *c.* 209, *ss.* 8, 9, 10. These provisions would seem to be capable of no other interpretation than that the commissioners in the performance of the duties there contemplated should be considered as the agents of the city. It is true that the statute gives the control and management of the water-works to the commissioners, but their control and management is for the city—not for themselves or the state. It is not exclusive of the city, but of any other officers of the city. The common-law duties of the city as owner are not taken away from it by the act. It is still bound to discharge them, and the water commissioners are the agency through which it discharges them. *Ehrgott* v. *New York*, 96 N. Y. 264; *Walsh* v. *Trustees*, 96 N. Y. 427; *Walsh* v. *New York*, 107 N. Y. 220; *Pettengill* v. *Yonkers*, 116 N. Y. 550; *Wilson* v. *Troy*, 135 N. Y. 96.

We are therefore of the opinion that it was not the intention of the legislature to relieve the city of Portsmouth from its common-law liability, if it could legally do so, or to make the acts of the commissioners in the construction and management of the water-works acts of public officers, but rather to provide for a particular board of officers who should be the agents of the city in the construction and management of the works if the city adopted the provisions of the act, and that the conclusion reached in *Gross* v. *Portsmouth* as to this matter is not to be followed.

The act of 1903 (*c.* 223), creating the board of street and park commissioners for the city of Dover, so far as the duties of the board pertain to the construction and maintenance of the sewers of the city,—a private, corporate undertaking,—is subject to the same interpretation. As to these duties, the board and its officers are agents of the city. This act repeals all acts or parts of acts applicable to the city of Dover and inconsistent therewith, and thus takes away from the city council and the board of mayor and

aldermen the control and management of the "building, construct-ing, repairing, and maintaining of . . . public sewers and drains," previously vested in them. It does not change the law giving the city the right to construct, maintain, and own drains and sewers, but simply places the work of constructing and man-aging them in the hands of a different board. *Norton* v. *New Bed-ford*, 166 Mass. 48; *Bailey* v. *New York*, 3 Hill 531.

The declaration not being bad for duplicity, the order is,

*Exception overruled.*

PARSONS, C. J., and YOUNG, J., dissented: the others con-curred.