Merrimack, }
Feb. 6, 1923. }

### Gertrude Pinsonneault v. Concord.

A municipality is liable for the flooding of premises by reason of a defective sewer.
Notice to a municipality that its sewer system was insufficient at the place where
the flooding occurred is relevant on the issue of liability for the nuisance.

Case, for negligence. Trial by jury and verdict for the plaintiff.
The plaintiff's evidence tended to prove that the city negligently
maintained an insufficient sewer, whereby her premises were flooded.
The defendant's motions for a nonsuit and for a directed verdict
were denied, subject to exception. The defendant also excepted to
the admission of evidence that before the injury was done it had
been advised that the sewer was insufficient. Transferred from the
April term, 1922, of the superior court by *Allen*, J.

*Robert W. Upton*, for the plaintiff.

*J. Joseph Doherty*, for the defendant, furnished no brief.

Peaslee, J. The liability of towns for damage caused by defec-
tive sewers is too well settled to require extended consideration.
*Roberts* v. *Dover*, 72 N. H. 147, and cases cited; *Lockwood* v. *Dover*,
73 N. H. 209; *Gates* v. *Milan*, 76 N. H. 135, 136. The rule that
there may be a liability in such a case is so firmly established that
it cannot be abandoned because it is not logically reconcilable with
the decisions as to other phases of municipal liability. *O'Brien* v.
*County*, *ante*, 522, and cases cited. The proposition that such lia-
bility is based upon the law as to nuisances rather than that relating
to negligence (*O'Brien* v. *Derry*, 73 N. H. 198, 205, and cases cited;
*Elliott* v. *Mason*, 76 N. H. 229, 232) may not have been applied in all
the cases; but the distinction is not material here. The question
presented is not one of the regularity of the trial, but merely of the
sufficiency of the plaintiff's evidence. There was sufficient evidence
to support a verdict upon either ground; and, in the absence of ex-
ception or objection, it is to be assumed that the jury were properly
instructed as to the law. The motions for a nonsuit and directed
verdict were rightly denied.

The evidence that the city had theretofore employed an engineer
to examine its sewer system, and that he had reported that this

part of it had proved insufficient, tended to prove that the defendant had notice of the deficiency. It was clearly admissible for that purpose; and the question of notice was involved in the issue of liability for a nuisance. *Bixby* v. *Thurber, ante,* 411, and cases cited.

*Exceptions overruled.*

All concurred.