HENRY EMERY *vs.* CITY OF LOWELL.

A landowner in a city, who drains his premises by a private drain leading from them under the adjoining street, has no right of action against the city for merely opening a passage from the street down into the drain to conduct off surface water. But if the city constructs and maintains the passage in such a manner as in effect to adopt it, in connection with the drain, as a common sewer, and by negligence in its construction or repair obstructs his drainage, it is liable to him in an action at common law for the obstruction.

GRAY, J.   It appears, by the report of the justice who presided at the trial, that the plaintiff was the owner of a hotel and stable on Merrimack Street in Lowell, and of a private drain, about five feet under ground and a foot in diameter, leading therefrom across that and other streets and lands to a sewer of the Merrimack Company, and emptying into the Merrimack River, by which the cellars of his hotel and stable were continuously and effectually drained; that there was no main drain or common sewer in Merrimack Street, opposite the plaintiff's estate; that in 1850 the city of Lowell, by its superintendent of streets and its servants, for the purpose of conducting away the surface water occasioned by rains and the melting of snows, constructed a cesspool in the gutter of Merrimack Street close to the sidewalk opposite the plaintiff's house, with an opening on a level with the surface of the street, and with no precaution, except iron bars laid across the top, to prevent the dirt and offal of the street from being washed into it; that they dug down about five feet to his drain, opened it, and made a brick wall from the cesspool or opening in the street into his drain; that

this cesspool was like others constructed for draining surface water into main drains and common sewers built by the city of Lowell; that the records of the city contain no vote, order resolution or act, authorizing the construction of this cesspool, either by the city council or the board of aldermen; but that it was not denied that it was constructed by authority of the city. There was also evidence tending to show that, by reason of the cesspool having been originally constructed without a proper place of deposit for sediment, as well as by the neglect of the city, after notice to the mayor, to clean out the cesspool and drain, the drain became choked up by the water and dirt washed into it from the street through the cesspool, and the water and filth flowed back into the plaintiff's cellar, and injured it.

This is an action of tort. The original declaration alleged that the defendants cut a hole in the plaintiff's drain, and let the surface water, mud and dirt into it, and choked it up, so that the water flowed back into and injured the plaintiff's cellar. The amended declaration contains two counts; one for negligence in the original construction of a drain from the gutter of the street into the plaintiff's drain; and the other for a neglect of duty in permitting the drain so constructed to become choked up. The question reserved is, whether the action can be maintained upon either count of the declaration.

The city charter of Lowell, granted by the legislature in 1836, provides that the city council of Lowell may " cause drains and common sewers to be laid down through any streets or private lands, paying the owners thereof such damage as they may sustain thereby." St. 1836, *c.* 128, § 9. By the St. of 1841, *c.* 115, "the selectmen of the several towns, and the mayor and aldermen of the several cities, in the Commonwealth, may lay, make, maintain and repair all main drains or common sewers in their respective towns and cities; and all the main drains or common sewers, which have heretofore been or which may hereafter be constructed by any town or city, shall be taken and deemed to be the property of such town or city;" and provision is made for assessing in writing the cost thereof by the mayor and aldermen or selectmen upon, and collecting the same of, every per

son who may enter his particular drains into any main drain or common sewer so constructed for the draining of his cellar or land, or in obedience to the by-laws or ordinances of the town or city, or who by more remote means shall receive any benefit therefrom for draining his cellar or land. Both of these statutes were accepted by the city of Lowell immediately after their passage.

The ordinances of the city of Lowell provide that every main drain or common sewer constructed in any street or highway shall be built of such materials and dimensions and in such manner as the mayor and aldermen may order; but only after an appropriation by the city council to defray the cost; that the superintendent of streets, chosen annually by the city council, shall, under the direction of the mayor and aldermen, superintend the building thereof; and that particular drains may enter the same only by the written assent or order of the mayor and aldermen. Ordinances of Lowell, (ed. 1863,) *c.* 11, § 2 : *c.* 20, § 1; *c.* 25.

The general rules of law, by the application of which to the circumstances of this case our decision must be guided, are well settled. A city, whose agents make a drain or sewer without authority of law through the property of another, is liable to an action of tort. *Proprietors of Locks & Canals* v. *Lowell*, 7 Gray, 223. *Hildreth* v. *Lowell*, 11 Gray, 345. A municipal corporation, voluntarily accepting a statute which authorizes it to make common sewers and to assess the expense thereof on lands benefited thereby, is not exempt from liability to private actions by persons injured by its negligence in exercising the power so granted and accepted, to the same extent as it is in the performance of duties imposed upon it by general law, exclusively for public purposes, and without its corporate assent. *Child* v. *Boston*, 4 Allen, 41, 52. *Bigelow* v. *Randolph*, 14 Gray, 541, 543. *Oliver* v. *Worcester*, 102 Mass. 489, 500. *Bailey* v *New York*, 3 Hill, 531; *S. C.* 2 Denio, 433. An authority conferred upon municipal corporations or officers to determine where drains shall be built is in the nature of a judicial power, involving the exercise of a large discretion, and depending upon

considerations affecting the public health and general conven-
ience; and therefore no action lies for a defect or want of suffi-
ciency in the plan or system of drainage adopted within the
authority so conferred. *Child* v. *Boston*, 4 Allen, 41. *Wilson*
v. *New York*, 1 Denio, 595. *Mills* v. *Brooklyn*, 32 N. *Y.* 489.
But the actual construction of the drains is the exercise of a
merely ministerial duty, and if it is not performed with reason-
able care and skill, any person whose rights of property are in-
jured by such negligence may have an action. *Rochester White
Lead Co.* v. *Rochester*, 3 Comst. 463. *Detroit* v. *Corey*, 9 Mich.
165. *Mersey Docks Trustees* v. *Gibbs*, 11 H. L. Cas. 715–722;
*S. C.* Law Rep. 1 H. L. 113–119. And the duty of keeping the
common sewers in repair and free from obstructions, after they
have been constructed and become the property of the city, un-
der a special authority conferred and accepted, is also a minis-
terial duty, for neglect of which the city is liable to any person
injured. *Child* v. *Boston*, 4 Allen, 41. *New York* v. *Furze*,
3 Hill, 612. *Lloyd* v. *New York*, 1 Selden, 369. *Barton* v.
*Syracuse*, 36 N. Y. 54.

No action of tort indeed will lie against any one for merely
turning surface water upon the land of another; nor against
any city or town, or its surveyor of highways, for any act done
in a highway for the purpose of repairing it, although involving
the digging of an excavation in the highway, and the discharg-
ing of water upon adjoining land; in the first case, because the
owner of the land flowed may protect it by building thereon
such walls or structures as will keep off the surface water; and
in the second, because a specific remedy by petition for all such
damages is given by statute. Rev. Sts. *c.* 25, § 6. Gen. Sts.
*c.* 44, § 19. Upon a scrutiny of the cases on which the defend-
ants rely, they will all be found to fall within these two classes.
In *Flagg* v. *Worcester*, 13 Gray, 601, the first count was for suf-
fering the surface water to flow directly from the highway upon
the plaintiff's land; the second was for opening an excavation
in one of two connecting streets, and thereby turning the surface
water into a culvert and thence into a drain on the plaintiff's
land, but this was done, as the opinion states, " for the purpose

of improving and keeping those streets in repair," the appropriate remedy for which was by petition under the statute. In *Barry* v. *Lowell*, 8 Allen, 128, the cesspool built by the city did not enter or communicate with any drain of the plaintiff, and the injury sued for was occasioned by the water, when the cesspool was obstructed, flowing over the surface upon the plaintiff's land and into his cellar. In *Parks* v. *Newburyport*, 10 Gray, 28, and in *Turner* v. *Dartmouth*, 13 Allen, 291, the action was for preventing surface water from flowing off as it had been accustomed to do, and turning it upon the plaintiff's land. In *Benjamin* v. *Wheeler*, 8 Gray, 409, and 15 Gray, 486, the injury sued for was caused by the acts of a surveyor of highways in digging a ditch in the highway for the purpose of repairing it.

It follows that the mere cutting by the city of Lowell of a passage into the plaintiff's drain for the purpose of discharging the surface water from the street gave no right of action ; and that the plaintiff cannot recover upon his original declaration.

But the case finds that the city did more than this ; and that, by its superintendent of streets and its servants, it built a permanent cesspool, like those constructed for draining surface water into main drains and common sewers of the city, opening into the plaintiff's drain, and thus in effect adopting that drain instead of one regularly built by the city. This was not a mer act of turning or flowing back the surface water upon the plain tiff's land, which he could have protected himself against by any barrier upon his own land, and without shutting up the drain leading from his own cellar. Nor was it an excavation made in repairing the highway, for which a party injured could have a remedy by petition under the statute. But it was the making of a structure wholly under ground, affecting the plaintiff's property by causing an obstruction of his drain, and manifestly, in its mode of construction and use, of the nature of a common sewer. If the plaintiff can prove that the injury to his cellar was caused by negligence of the city, either in the original construction of this sewer, or in not keeping it free from

obstructions, he may maintain an action against the city. Upon both counts of the amended declaration, therefore, the

*Case is to stand for trial.*

*T. H. Sweetser & W. S. Gardner*, for the plaintiff.

*T. Wentworth & G. Stevens*, for the defendants.

