CARRIE K. SLOCUM & others *vs.* SELECTMEN OF BROOKLINE.

Norfolk.    November 15, 1894. — January 8, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Sewer — Validity of Assessment — Laying out of Sewer.*

So far as an assessment, under Pub. Sts. c. 50, § 7, for the cost of constructing a sewer is concerned, it is unnecessary that the laying out of the sewer should be before its construction.

A way in a town was laid out and wrought as a private way, and a sewer was constructed through it by the owners of the land. Houses were built on abutting lots, and drains were laid from them connecting with the sewer. The owners of the way and of the sewer obtained permission from the selectmen of the town to enter the sewer into a larger one, which was a part of the general system of sewers in the town, under an arrangement that, if the sewer should not afterwards be laid out by the town, the right of drainage should be on such terms as the selectmen might impose. Afterwards the way was laid out as a public way by the selectmen, and their action was duly adopted by the town. Previously to the laying out it was agreed between the selectmen and the owners of the way and of the sewer that the town should pay the owners the actual expenses which had been incurred in constructing the sewer. The owners then made deeds of release of the land included in the way and of the sewer laid therein, and the town paid them the cost of constructing the sewer, and adopted the sewer as a part of its system of sewers. These agreements and transactions between the owners and the selectmen were in accordance with a long established practice of the town in similar cases. *Held*, that there was such a laying out of the sewer as made it one of the town's sewers, and subjected the land abutting on the street to assessment under Pub. Sts. c. 50, § 7.

The fact that abutters on a private way in a town bought houses and lots with drains running into the sewer which had been constructed in the way by the owners thereof, does not affect the right of the selectmen to lay an assessment, under Pub. Sts. c. 50, § 7, in favor of the town, after the purchase of the sewer by the town from the owners of it, if it does not appear that such abutters had acquired any rights, as against the owners of the fee, which would prevent the sale of the sewer to the town.

KNOWLTON, J.    The petitioners have brought their petition for a writ of *certiorari* against the respondents, on the ground that certain sewer assessments levied by the respondents are illegal. They are all owners of land abutting on University Road in Brookline, and the principal question in the case is whether the sewer now existing in that road has been laid out by the selectmen in such a way as to subject abutting landowners to assessment.

The town has adopted a system of sewerage, under the provisions of Pub. Sts. c. 50, § 7, whereby assessments are made upon owners of estates throughout the town " by a fixed uniform rate based upon the estimated average cost of all the sewers therein, according to the frontage of such estates on any street or way where a sewer is constructed," and in part " according to the area of such estates within a fixed depth from such street or way." A sewer was long ago constructed through University Road, and in that respect the terms of the statute are satisfied. The petitioners contend that the sewer has never been laid out by the selectmen, and that it is not such a sewer as is referred to in § 7.

It has been decided that no particular form of words need be used to constitute the laying out, and that a sewer may lawfully be laid out so as to subject landowners to assessment under § 7 after its construction as well as before. *Bennett* v. *New Bedford*, 110 Mass. 433. *Leominster* v. *Conant,* 139 Mass. 384, 386. Ordinarily, the laying out should be before the construction, to protect the selectmen and their servants from claims of landowners, and for other reasons, but so far as an assessment under this section is concerned it is unnecessary.

In the present case, University Road was laid out and wrought as a private way, and a sewer was constructed through it by the owners of the land. Houses were built on abutting lots, and drains were laid from them connecting with the sewer. The owners of the private way and of the sewer obtained permission from the selectmen to enter the sewer into a larger one, which was a part of the general system of sewers in the town, under an arrangement that, if the sewer should not afterwards be laid out by the town, the right of drainage should be on such terms as the selectmen might impose. Afterwards University Road was laid out as a public way by the selectmen, and their action in laying it out was duly reported, and was adopted and approved by the town at a legal meeting of the voters. Previously to the laying out it was agreed between the selectmen and the owners of the way and of the sewer that the town should pay the owners the actual expenses which had been incurred in constructing the sewer. The owners of the sewer and of the fee of the way then made deeds of release of the land included in University

Road, and of the sewer laid therein, and the town paid them the
cost of constructing the sewer, and took receipts for the pay-
ments.    The selectmen state in their answer, and it is not con-
tradicted, that it has been the practice in Brookline for many
years for landowners to lay out and build streets and to construct
sewers at their own cost, and then to offer such streets for ac-
ceptance by the town as public ways upon being reimbursed the
cost of construction of the sewers, and for the town to accept
such of said streets as the selectmen see fit to lay out and report
to the town, and for the selectmen to pay for said sewers and to
adopt them as part of the system of sewers of the town where it
appears that the sewers have been so constructed as to make
them fit and proper sewers to be adopted as a part of the system
of the town.    They also state in their answer that the sewers
constructed in University Road were such as, in the opinion of
the selectmen, they would have constructed in said way, and
were fit and proper sewers to be adopted as a part of the town's
system of sewers, and were accepted and adopted and paid for
by the selectmen.    It is further set forth that the sewer in Uni-
versity Road discharges into other main sewers of the town, and
its flow is thence carried through larger sewers a distance of
about three miles into the metropolitan sewer.    In this hearing
all the allegations of the answer must be taken to be true.    *Col-
lins* v. *Holyoke*, 146 Mass. 298, 305.    We are of opinion that the
action of the selectmen in laying out the way under an agree-
ment to pay the owners of the fee the cost of constructing the
sewer, and their taking deeds of conveyance from the owners,
and their payment of this cost of construction, taken in con-
nection with the long and well known practice of the selectmen
of the town in similar cases, and with their previous vote of per-
mission to make a connection of the sewer in University Road
with the main sewers of the town, and with the known condition
and use of the sewer at the time of laying out the way, and their
acceptance and adoption of the sewer as a part of the town's sys-
tem of sewers, was a laying out of the sewer which made it one
of the town's sewers, and subjected the land abutting on the
street to assessment under Pub. Sts. c. 50, § 7.    It is to be re-
membered that an assessment under this section is not affected
in any way by the cost of the particular sewer on which the

land abuts, but is made at a uniform rate based upon the estimated average cost of all the sewers in the town. If the town had not adopted a system of sewerage under § 7, it may be that a laying out of a sewer after the completion of the work by private persons would not subject the abutters to assessment under § 4, on the ground that the cost of making had not been directly incurred by the town, and that individuals could not be compelled under the statute to pay a proportional part of the cost of work done by private persons in constructing a particular sewer, or of the price which the selectmen or the town might agree to pay in the purchase of an existing sewer. Whether this be so or not, the reason does not apply to an assessment under § 7.

The fact that abutters bought houses and lots with drains running into the sewer in University Road does not affect the right of the selectmen to lay an assessment in favor of the town after the purchase of the sewer by the town from the owners of it. It does not appear that these abutters had acquired rights, as against the owners of the fee, that would prevent the sale of the sewer to the town.

We are of opinion that the assessment was properly laid.

*Petition dismissed.*

*F. E. Snow & G. D. Burrage,* for the petitioners.
*C. A. Williams,* for the respondents.