## PATRICK H. NORTON *vs.* CITY OF NEW BEDFORD.

Bristol.   October 30, 1895. — May 19, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Due Care — Assumption of Risk — Board of Public Works — Statute — Sewer — Certiorari.*

In an action against a city under the employers' liability act, St. 1887, c. 270, for personal injuries occasioned to a laborer in the construction of a sewer by the caving in of one side of a trench in which he was working, the evidence justifying a finding that he was in the exercise of due care, and that the accident was due to a negligent omission to shore up the sides of the trench by those whose sole or principal duty was that of superintendence, the question whether the plaintiff accepted the risk of injury from want of proper shoring was on the evidence for the jury.

It is no defence to an action against a city under the employers' liability act, St. 1887, c. 270, for personal injuries occasioned to a laborer in the construction of a sewer, that the plaintiff was not an employee of the city but of its board of public works, which was established by St. 1889, c. 167, as amended by St. 1890, c. 342; as those statutes do not so change the law as to make the acts of the board or its officials in the construction of sewers acts of public officers.

Having the power to lay and construct sewers, and having allowed a sewer to be put in course of construction as a public sewer by the officials of the city and under an appropriation of its money for the purpose, and having used the sewer as an actual part of its sewer system, the city is not to be excused for a negligent failure to give a laborer a reasonably safe place in which to work by saying, in an action against it for personal injuries occasioned to him while engaged in the construction of the sewer, that it was not legally established.

While irregularities and omissions in the laying out or establishment of a sewer may be taken advantage of on a petition for certiorari, they cannot be taken advantage of by a city in a collateral proceeding brought against it for personal injuries by a workman who has been employed by its board of public works upon the footing that the city had the right to build the sewer.

TORT, for personal injuries occasioned to the plaintiff by the caving in of a sewer trench in which he was working. The plaintiff elected to go to the jury on the fourth and fifth counts of his declaration, which were under the employers' liability act, St. 1887, c. 270, § 1, cl. 2, as amended by St. 1894, c. 499, the negligence alleged in the fourth count being that of the defendant's superintendent, and in the fifth count that of an acting superintendent. Trial in the Superior Court, before *Sherman*, J., who, after a verdict for the plaintiff, reported the case for the determination of this court. If the case should not have

been submitted to the jury, judgment was to be entered for the defendant; otherwise, judgment was to be entered on the verdict. The facts appear in the opinion, and in a note by the reporter.

*L. LeB. Holmes & E. D. Stetson*, for the defendant.

*J. W. Cummings*, (*E. Higginson* with him,) for the plaintiff.

BARKER, J. The plaintiff was employed as a laborer in the construction of a sewer, and was hurt by the caving in of one side of a trench in which he was at work. The evidence would justify a finding that he was in the exercise of due care, and that the accident was due to a negligent omission to shore up or brace the sides of the trench, and that the negligence was that of persons whose sole or principal duty was that of superintendence. The defendant contends that the plaintiff accepted the risk of injury from want of proper shoring, but we are of opinion that upon the evidence this question was for the jury.[*] See *Coan v. Marlborough*, 164 Mass. 206.

The defendant further contends that it is not liable for two other reasons: first, that the plaintiff was not an employee of the city, but of its board of public works, the powers and duties of which board are defined by St. 1889, c. 167, as amended by

---

[*] The plaintiff testified that he was forty-eight years old, had worked before on sewers and trenches, probably three or four months in all, extending over a period of ten or twelve years; that the soil through which the trench was being dug consisted from the top downwards of first about a foot of stone, then of about two feet of yellow loam, then of rubbish, ashes, broken glass, pieces of bricks and heavy rocks, and pieces of timber; that the trench was about six feet deep, and from three to three and one half feet wide; that all the other trenches he had worked on previous to the one in question had been shored or braced up where necessary, for fear of the bank caving in where the bank was soft and liable to cave in; that he helped put planking in where there was any danger; that when the land is made of all kinds of rubbish and different kinds of clay it is more apt to give way than when the land is perfect; that heavy stones were taken out of the trench by the plaintiff and others, and placed on the bank quite near the edge; that at the time he was working there he did not think there was any danger; that the foreman said he was in a hurry to get that end of the sewer so as to enter the main sewer, and the plaintiff had to hurry more than usual; that he knew that the stones fell on him, because when he became conscious he saw that the stones were not on the bank; and that the weight of the stones was enough to crush any loose bank.

There was also expert testimony that the trench ought to have been shored, as the ground was loose and sandy, and was liable to cave in at any time.

St. 1890, c. 342; and that in all matters pertaining to the laying out, constructing, and maintaining of sewers the board and its officers and superintendents act solely as public officers, for whose negligence the city is not answerable, and do not act as agents of the city; secondly, that if the city could ever be held liable for an injury received by a workman employed by the board and hurt while at work in a sewer, it could only be in the case of a sewer legally laid out; and that the sewer in which the plaintiff was hurt had not been legally laid out.

1. The St. 1889, c. 167, which established the board of public works for the city of New Bedford, went into effect on March 28, 1889, and its third and fourth sections, the provisions of which are not affected by the additional act (St. 1890, c. 342), are as follows:

" Section 3.   All the duties, powers, and authority in relation to the laying out, locating anew, alteration, or discontinuance of streets or ways, or of altering or establishing the grade thereof; of laying, making, and maintaining main drains, common sewers, and sidewalks, and keeping the streets and ways in repair, now by law vested in the city council of the city of New Bedford or either branch thereof, or the mayor and aldermen as surveyors of highways, or otherwise, are hereby vested in and shall be exclusively exercised by said board of public works; and all the rights, powers, and duties of said city council of the city of New Bedford or either branch thereof, as public officers or otherwise, in relation to the streets, ways, sewers, drains, public parks, commons, and public squares in said city of New Bedford, are hereby transferred to and exclusively vested in said board.

" Section 4.   Said board, in relation to the powers, duties, and authority by this act conferred upon it, shall have the same authority heretofore vesting in the mayor and aldermen of said city to make contracts in behalf of and binding upon the city; to appoint, subject to the provisions of chapter three hundred and twenty of the Acts of the year eighteen hundred and eighty-four and any acts in amendment thereof, its employees, define their duties, and fix their compensation; and, in general, to do all things necessary to a proper performance of their duties."

The statute does not say in terms that all the acts of the board and of its officials shall be acts of public officers.   On the con-

trary, the third section, while vesting in the board exclusively all the rights, powers, and duties of the city council or either branch thereof in relation to streets, ways, sewers, drains, public parks, commons, and public squares, says explicitly that the duties, powers, and authority so vested in the board are all those of the council " as public officers or otherwise." The fourth section provides that the board shall have the same authority theretofore vested in the mayor and aldermen to make contracts in behalf of and binding upon the city. We are of opinion that, while all the powers of the city in relation to sewers are vested in the board exclusively, it was not the intention and is not the effect of the statute so to change the law as to make the acts of the board or its officials in the construction of sewers acts of public officers. In vesting in the board all the powers of the city council " as public officers or otherwise," the statute does not, in the respect which we are now considering, change the nature of the act done under the power. If the act done would, under the law as it stood before the St. of 1889, c. 167, went into effect, have been the act of an agent or servant for which the city would have been answerable to the plaintiff, it is still such an act, and not the act of a public officer for negligence in the performance of which the city is not answerable.

It is settled that, while city authorities charged with the duty of laying out sewers and of determining the plan, size, and general scheme of operation act as public officers, so that the city is not answerable for their mistakes or negligence in respect of faulty plan or design, in the work of building a sewer they do not act as public officers, but as agents or servants of the city; and that the city is responsible for their negligence in the work of construction. *Child* v. *Boston*, 4 Allen, 41. *Emery* v. *Lowell*, 104 Mass. 13. *Merrifield* v. *Worcester*, 110 Mass. 216. *Hill* v. *Boston*, 122 Mass. 344. *Murphy* v. *Lowell*, 124 Mass. 564. *Tindley* v. *Salem*, 137 Mass. 171. *Stock* v. *Boston*, 149 Mass. 410, 414. *Bates* v. *Westborough*, 151 Mass. 174, 182. *Curran* v. *Boston*, 151 Mass. 505, 508. *Allen* v. *Boston*, 159 Mass. 324. That it was the intention of the Legislature, by the statute in question, to abrogate this settled doctrine as to the city of New Bedford, is not to be inferred from a provision which gives to its board of public works exclusively all the powers of the city council " as public officers or otherwise."

2. The sewer in which the plaintiff was hurt was a continuation of previously existing sewers, and was built in accordance with a general plan previously adopted. It did not appear whether the adoption of the plan was before or after the establishment of the board of public works. That board did in fact build the sewer after the city council, in concurrence, had received and placed on file a report of its committee on sewers recommending that the sewer be built, and after the council had also adopted in concurrence, and the mayor had approved, a special appropriation for the construction of the sewer. After the sewer was so built, the city put it in use, and it has been in use ever since. Even if the evidence that betterment taxes have been assessed by the city in respect of the sewer was inadmissible, there is enough to show that the plaintiff was justified in contracting to work upon the sewer, believing that the city had authority to build it. It would be unjust to allow the city to contend in defence of this action, that, because of some omission or irregularity in the proceedings of its officers or boards, the sewer was constructed without authority of law.

Having the power to lay and construct sewers, and having allowed this sewer to be put in course of construction as a public sewer by the officials of the city and under an appropriation of its money for the purpose, and having used the sewer as an actual part of its sewer system, the city is not to be excused for a negligent failure to give the plaintiff a reasonably safe place in which to work by saying that the sewer was not legally established. See *Bennett* v. *New Bedford*, 110 Mass. 433; *Leominster* v. *Conant*, 139 Mass. 384, 386; *Allen* v. *Boston*, 159 Mass. 324, 336, 337; *Commonwealth* v. *Abbott*, 160 Mass. 282; *Slocum* v. *Brookline*, 163 Mass. 23.

While the irregularities and omissions in the laying out or establishment of the sewer might be taken advantage of on a petition for certiorari, they cannot be taken advantage of by the city in this collateral proceeding, brought against the city by a workman who has been employed by its board of public works upon the footing that the city had the right to build the sewer.

3. The constitutional question involved in the fourth request has not been argued, and we treat it as waived.

For the reasons stated, a majority of the court is of opinion that the verdict should stand.

*Judgment for the plaintiff on the verdict.*