MARY MANNING *vs.* CITY OF SPRINGFIELD.

Hampden.    September 23, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Municipal Corporations.*

A city is not liable for damage caused by the insufficiency of its system of sewers.

TORT, by the owner of certain real estate on Ferry Street in Springfield, against that city for damages alleged to have been caused by the defective construction and improper maintenance and operation of the sewer in Ferry Street and the pipes and drains connecting therewith.   Writ dated March 15, 1901.

In the Superior Court *Mason*, C. J. ruled that the action could not be maintained and ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*J. L. Doherty & W. G. Brownson,* for the plaintiff.

*H. A. King,* for the defendant.

KNOWLTON, C. J.   This is an action of tort to recover for injuries to the plaintiff's real estate from water that came in upon it on two occasions, through the drain pipe connected with the sewer, and from the street, proceeding from the sewer out through a manhole in front of the plaintiff's house.   The drain pipe had an opening into the plaintiff's yard which was considerably below the level of the street, and into two sinks in the

lower tenements of the building.   The plaintiff's drain had been connected with the sewer since 1878 or 1879, but no water had ever come back through it until these occasions, the first of which was in March, 1901.   At these times there was, for a few hours, a very heavy fall of rain, — some of the witnesses said heavier than had ever been known before.   The ground was then frozen, and the sewers all over the city were heavily charged with water.   There was no evidence that the sewer in front of the plaintiff's house, or the sewers connected with it, were defective in construction, or obstructed or out of repair, and there was no evidence that any of these sewers was authorized or established, otherwise than by tribunals whose members acted as public officers under the statutes.   The evidence all tended to show that the defect in the sewers, if there was a defect, was in the system, which did not carry off immediately so great and rapid an accumulation of surface water as came at these times.

For this system the city in its corporate capacity was not responsible, for it was established by officers acting judicially under the authority of law.   It has often been decided that, for faults or imperfections in its system of sewers, a city or town is not liable, although it is liable for negligence in the work of construction, or in the maintenance or repair of sewers.   *Child* v. *Boston*, 4 Allen, 41.   *Merrifield* v. *Worcester*, 110 Mass. 216, 221.   *Buckley* v. *New Bedford*, 155 Mass. 64.   *O'Brien* v. *Worcester*, 172 Mass. 348, 353.   *Hewett* v. *Canton*, 182 Mass. 220, 224. *Johnston* v. *District of Columbia*, 118 U. S. 19.   Under this rule, upon the evidence before the court, the presiding judge rightly directed a verdict for the defendant.

*Exceptions overruled.*