CHARLES J. DELAMAINE *vs.* INHABITANTS OF REVERE.

Suffolk.   January 8, 1918. — February 27, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Sewer,* Surface drainage.  *Municipal Corporations.  Way,* Public.   *Nuisance.*

A drain, laid out by the board of sewer commissioners of a town without a vote of the town, which was built by a contractor under the direction of the superintendent of sewers of the town and was constructed "to take care of the surface water" of a particular part of one street only of the town, is not a main drain within the meaning of R. L. c. 49, §§ 1, 3, and the town is not liable at common law for injuries resulting to a traveller upon the way due to a negligent placing of an improper cover over one of its catch basins.

A town is not liable at common law for personal injuries received by a traveller upon a public way and caused by ignorance or negligence of the board of sewer commissioners of the town in their determination of the location of a main drain or a catch basin or of the form or pattern of a catch basin cover.

A town is not liable at common law for personal injuries resulting to a traveller upon a public way and due to his crutch slipping through the cover of a drain concealed by newspapers which the town officials had permitted to be sold in the streets and by circulars which they had permitted to be distributed in the streets even though it was reasonably certain that the papers and circulars would be thrown into the streets and would accumulate in places to which they might be driven by the wind.

TORT for personal injuries received by the plaintiff, when he was walking on Ocean Avenue near Beach Street in Revere, by reason of a crutch which he was using passing through an opening in a drain cover which was concealed by papers, circulars and refuse.   Writ dated August 9, 1911.

In the Superior Court the case was tried before *Fessenden,* J. The material evidence is described in the opinion.   The jury, in reply to a special question, found that the damages sustained by the plaintiff were $2,000.   The judge ordered a verdict for the defendant and reported the case to this court for determination

upon these conditions: If the judge's action in ordering a verdict for the defendant was wrong, final judgment was to be entered for the plaintiff in the sum of $2,000 damages; if it was right, judgment was to be entered for the defendant.

*J. W. Allen,* (*H. W. Packer* with him,) for the plaintiff.

*A. A. Casassa,* for the defendant, submitted a brief.

PIERCE, J.   This is an action of tort to recover for injuries sustained on May 31, 1911, near the intersection of Beach Street and Ocean Avenue in the town of Revere, by reason of the plaintiff's crutch passing through an opening in a drain cover which was concealed by paper and circulars and refuse which had collected.

The drain referred to was constructed for the purpose of taking care of the surface water in the streets, and it had nothing to do with the sewers of the town of Revere.   It was laid out as an extension of the drain at the corner of Ocean Avenue and Beach Street in 1899, without a vote of the town, by the board of sewer commissioners.   It was built in 1899 by a contractor, under the direction of the superintendent of sewers, in accordance with a plan which stated that "The work to be done is to lay 162 feet of 8-inch drain pipe and build the catch basin; town to furnish pipe, C. B. covers and bricks, and contractor to furnish all other materials and do everything to construct the drain to the entire satisfaction of the superintendent of sewers . . . ."   The sewer commissioners selected the particular kind of cover for the drain or grating.   *Emery* v. *Lowell,* 104 Mass. 13.   The superintendent of sewers and the engineer of the town determined the particular location of the pipe and catch basins.   The catch basin in front of the drug store at the corner of Ocean Avenue and Beach Street was there when the drain was constructed.   The catch basin cover selected by the sewer commissioners and placed upon the catch basin by the superintendent of sewers, was about two feet square with holes two and three eighths inches by two and one half inches, and a diagonal width of about three and three eighths inches.   The cover was placed next to the sidewalk at the corner of the avenue and street.   "The top of the drain was put in at a grade with the gutter, or perhaps — possibly a slight — never over an inch below, so that the water running along the gutter would run on and into the catch basin, through these holes in the catch basin cover."

There was no hole in the curbstone and, other than the grating, there was nothing to indicate the presence of an opening to a catch basin or drain. There was no evidence that the cover in its position near the curbstone in itself was defective, out of place, or an obstruction to travel.

On the day of the injury and on other occasions, newspapers, dodgers, circulars and handbills, distributed by boys with the active or passive assent of town officials, thrown away, littered streets, sidewalks and gutters, and at the time of the injury covered and concealed the grating.

There was evidence to warrant a finding that the officials of the town in charge of the ways knew of the general, daily distribution of newspapers and circulars and knew that they were likely to be cast into the streets and blown about to the annoyance of people unless steps were taken to regulate such disposition and to clean up the refuse and fugitive papers. There was also evidence to warrant a finding that the officials of the town knew of the collection of papers in the gutter, where the accident happened, on the day of the injury in season to have removed them from the gutter and grating.

Because no notice in writing of the time, place and cause of the accident ever was given to the defendant, it is unnecessary to determine on the foregoing facts whether the hole in the catch basin cover, or the hole and refuse paper in combination, constituted a defect in the travelled way for which the town was liable. See *Upham* v. *Boston,* 187 Mass. 220; *Campbell* v. *Boston,* 189 Mass. 7; *Moynihan* v. *Holyoke,* 193 Mass. 26; *Connor* v. *Manchester,* 73 N. H. 233.

The plaintiff puts his case on the contention that the catch basin cover was a part of a common drain which the town owned and maintained for gain under the authority of R. L. c. 49 §§1, 3; that the location of the drain with a catch basin and cover at a place which frequently would result in the partial or complete concealment was evidence of the negligent adoption of a plan which was obviously defective; that the defendant was negligent in not adopting a grating recognized by general use in other communities as ordinarily safe, and that the town was liable for negligently failing to keep its streets clean.

The first contention is shortly disposed of by the fact, clearly

shown by uncontradicted testimony, that the drain is not a main drain within the meaning of the statute, but is merely a drain "to take care of the surface water" of a particular part of Ocean Avenue. A defect in such a drain is a defect in surface drainage for which a town is not liable. *Walcott* v. *Swampscott,* 1 Allen, 101. *Bates* v. *Westborough,* 151 Mass. 174, 183.

But if it were a main drain, the town is not liable for any harm to the plaintiff as the result of the ignorance or negligence of the board of sewer commissioners in the determination of the location of the drain, of the catch basin and of the form or pattern of the catch basin cover. *Child* v. *Boston,* 4 Allen, 41. *Emery* v. *Lowell,* 104 Mass. 13. And there is no evidence that the injury to the plaintiff resulted from any neglect of the town to construct the drain and its connections with reasonable care and skill in the location, and in accordance with the plan of the commissioners. Nor is there any evidence of a failure of the town to keep and maintain the drain and its connections in repair. *Emery* v. *Lowell, supra.* *Merrifield* v. *Worcester,* 110 Mass. 216.

It is plain that the town is not liable for the maintenance of a nuisance arising from the acquiescence of its officers in permitting the sale of newspapers and the distribution of circulars in its streets, even though it be reasonably certain that the papers will be thrown into the streets and will accumulate in places where they may be driven by the wind. See *Tindley* v. *Salem,* 137 Mass. 171; *Cole* v. *Newburyport,* 129 Mass. 594; *Pierce* v. *New Bedford,* 129 Mass. 534; *Kerr* v. *Brookline,* 208 Mass. 190.

We think the verdict properly was directed for the defendant. It follows, in accordance with the terms of the report, that judgment is to be entered for the defendant.

                                        *So ordered.*