HARVARD FURNITURE CO., INC. *vs.* CITY OF CAMBRIDGE.

Middlesex.   May 8, 9, 1946. — September 17, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Municipal Corporations*, Liability for tort, Waterworks.  *Negligence*, Water pipe.  *Practice, Civil*, Ordering verdict.

A municipality undertaking to supply water for a price is liable for negligence in the laying out or repair of its supply pipes.

In an action for negligence with a declaration in two counts, an exception to the granting of a general motion by the defendant for a directed verdict should be sustained where in the record there was some evidence of negligence of the defendant causing damage to the plaintiff, irrespective of whether the evidence would warrant a verdict for the plaintiff upon each count separately or would warrant a finding of negligence in all the particulars alleged by the plaintiff.

A finding of negligence of a city conducting waterworks was warranted by evidence that an abutter on a street was damaged by water flowing into his premises from a cast iron street main which broke because it had been allowed to·rest upon the concrete top of a railway subway without a proper cushion of sand or earth to protect it from vibration caused by trains.

Hearsay evidence allowed by the parties to remain in the case is to be considered by this court on the issue of the sufficiency of the evidence to warrant a verdict for the plaintiff.

TORT. Writ in the Superior Court dated February 18, 1944.

The action was tried before *Morton*, J., who allowed a motion by the defendant "for a directed verdict in its favor." The plaintiff alleged exceptions.

*M. H. Goldman*, (*H. L. Sostek* with him,) for the plaintiff.

*J. H. Smith*, Assistant City Solicitor, for the defendant.

LUMMUS, J. In this action of tort for negligence the declaration contained two counts which differed only in that the first alleged negligence in the construction, maintenance and operation of the defendant's water supply system, while the second alleged negligence in making repairs upon that system. The plaintiff occupied as a tenant a store and the cellar beneath it on the southerly side of Massachusetts Avenue in Cambridge. Its merchandise was damaged in January, 1944, by water that flowed into its cellar through the cellar wall along Massachusetts Avenue. The first such flowing began on January 11, 1944, and the break that caused it, which was in a six-inch cast iron main pipe that ·ran southerly into Bow Street a little to the east of the plaintiff's store from the ten-inch cast iron main pipe that ran through Massachusetts Avenue, was repaired on January 14, 1944. After a period of quiet, the flow into the cellar resumed on January 27, 1944, and was found to come from a break in the ten-inch main in Massachusetts Avenue, which was repaired on the same day. At the end of the plaintiff's evidence, the judge directed a verdict in favor of the defendant, and the plaintiff excepted.

The law governing the liability of a municipality for a defect in its water supply system differs from the law governing its liability for a defect in a sewer. A municipality is liable

for the negligent construction or maintenance of a sewer though not for negligent defects in the original plan of the sewer adopted by independent public officers. [1]  But in undertaking to supply water at a price, a municipality is not performing a governmental function but is engaging in trade, and is liable just as a private company would be for any negligence in the laying out of its pipes, in keeping them in repair, or in furnishing potable water through them.  *Hand v. Brookline,* 126 Mass. 324.  *Lynch* v. *Springfield,* 174 Mass. 430.  *Pearl* v. *Revere,* 219 Mass. 604.  *Bolster* v. *Lawrence,* 225 Mass. 387, 390.  *Buono* v. *Boston,* 290 Mass. 59.  *Sloper v. Quincy,* 301 Mass. 20.  *Horton* v. *North Attleborough,* 302 Mass. 137, 138.  *Sullivan* v. *Saugus,* 305 Mass. 127.  *Lucas v. Boston,* 313 Mass. 495.  See also *Goldman* v. *Boston,* 274 Mass. 329; *Gerard* v. *Boston,* 299 Mass. 488.

Though the alleged acts of negligence were many and the connection between them was debatable, and the questions of conformity to the standard of care and of causation were difficult, the jury were not given the aid that a reference to an auditor might have afforded.  The evidence was presented directly to the jury.  We need not recite it in detail.

As the case comes to us, it is not necessary for us to distinguish between counts, or to decide whether on each of the counts the evidence would warrant a finding for the plaintiff, or to inquire whether there was evidence as to both main pipes that negligence caused them to break, or to consider whether any lack of equipment or delay in using equipment could be found negligence that increased the damage. It is enough to sustain the exceptions that somewhere in the record there is evidence of negligence that caused damage to the plaintiff.  From the evidence the jury could have found that the six-inch cast iron main broke because it had been negligently allowed to rest upon the top of the concrete subway without a proper cushion of sand or earth to protect it from the vibration caused by trains in the subway.

[1] *Hill* v. *Boston,* 122 Mass. 344, 358, 359.  *Coan* v. *Marlborough,* 164 Mass. 206.  *Norton* v. *New Bedford,* 166 Mass. 48, 51.  *O'Brien* v. *Worcester,* 172 Mass. 348, 353.  *Manning* v. *Springfield,* 184 Mass. 245.  *Robinson* v. *Everett,* 191 Mass. 587.  *Pevear* v. *Lynn,* 249 Mass. 486.  *Arick* v. *Worcester,* 273 Mass. 134.  *Galluzzi* v. *Beverly,* 309 Mass. 135.

Though some of this evidence was apparently hearsay, it remained in the case and is to be considered upon the question of the sufficiency of the evidence to warrant a verdict for the plaintiff. *Pochi* v. *Brett*, 319 Mass. 197, 203.

*Exceptions sustained.*