Eno, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries received by him as the result of the negligent operation of a motor vehicle owned by the defendant and operated by one of its employees. The plaintiff was a passenger in another motor vehicle when it collided with that of the defendant. The answer is a general denial, contributory negligence and lack of due care on the part of the plaintiff. The trial justice made a lengthy “memorandum of decision” followed by a “ supplementary finding, ’ ’ both of which may be summarized as follows: On the date of the alleged accident, a half-ton pick-up truck owned by the defendant, and used during the day by the foreman of its Sewer Department, became disabled at his home where it was kept during the night. He sent one Guthrie and one Timmons, both employees of said Sewer Department, to his home for the purpose of starting said disabled truck and bringing it *132 to the garage for repairs thereon. In response to this order, they went to the location of said disabled truck at said foreman’s home in another truck owned by said defendant and used also, as the former, in carrying material and equipment, such as pipes, rods, and a gasoline engine motor, to repair and maintain the Sewer System of Somerville. Guthrie was employed as a motor equipment operator and chauffeur in the Sewer division of the defendant City of Somerville, driving a gasoline engine motor used to pump water out of sewers and drains. After these two employees had towed the disabled truck and succeeded in getting it started, said Guthrie, operating negligently this other truck, collided with a motor vehicle in which the plaintiff was riding as a passenger, resulting in the latter’s injuries.
The Sewer System of Somerville was under the control of its City Engineer who employed and directed Guthrie in the work to be done in connection with the repair and maintenance of the Sewer System. The trial justice also found that neither of these trucks was engaged in repair or maintenance work at the time of the collision. At the conclusion of the trial, the plaintiff filed thirty-one requests for rulings. Sixteen of these were granted, and of those denied, the plaintiff waived all but the four following:
(4) At the time of the accident the defendant operator was acting as an agent of the defendant city, and if he was negligent in the operation of the city vehicle, the defendant city is liable in this action for injury to the plaintiff. (20) The defendant was legally responsible for the motor vehicle of the defendant city at the time of the accident with the plaintiff. (21) The defendant city is liable for the negligent acts of its public officers or employees in the performance of its functions undertaken for its own benefit or to protect or benefit its corporate interests. (26) The charge of the sewers *133 and drains is not an obligation imposed on the defendant city by statutory authority exclusively for public purposes and without its corporate assent. The duty of keeping, caring and maintaining sewers by the use of motor vehicles to carry on the work was a ministerial duty and the defendant is liable for negligence in the exercise thereof to any persons injured.
There was a finding for the defendant. The report states that it contains “all the evidence material to the questions reported. ’ ’
The liability of a city for the tortious acts of its employees was clearly defined by Mr. Chief Justice Rugg in Bolster v. Lawrence, 225 Mass, 387 at 388, in which he reviewed the decisions of the Court on the subject, as follows: “The general principles of law by which claims for liability in tort against cities and towns must be determined are well established. The municipality, in the absence of special statute imposing liability, is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions, imposed by mandate of the Legislature or undertaken voluntarily by its permission, from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited by way of compensation for use or assessment for betterments.” But it “is answerable for the acts of its servants or agents in the conduct of functions voluntarily undertaken for its own profit and commercial in character, or to protect its corporate interests in its own way.” See also Hill v. Boston, 122 Mass. 344, for a collection of eases in other jurisdictions. Thus it is the settled law in Massachusetts that cities and towns are liable for damages caused by their negligence or that of their servants or agents, in constructing or maintaining sewers, but are not liable for *134 damages resulting from any defect in the plan or system on which sewers are built. Child v. Boston, 4 Allen 41, 51; Emery v. Lowell, 104 Mass. 13; Merrifield v. Worcester, 110 Mass. 216, 221; Hill v. Boston, 122 Mass. 344; Bates v. Westborough, 151 Mass. 174; Allen v. Boston, 159 Mass. 324; Coan v. Marlborough, 164 Mass. 206; O’Brien v. Worcester, 172 Mass. 348, 353; Haley v. Boston, 191 Mass. 291, 293; Pevear v. Lynn, 249 Mass. 486; O’Hearn v. Adams, 288 Mass. 185; Galluzzi v. Beverly, 309 Mass. 135; Harvard Furniture Co., Inc. v. Cambridge, 320 Mass. 227. In Child v. Boston, 4 Allen 41, at 51, it was held that “the duty to keep the sewer free from obstruction was a ministerial duty, and the defendants were liable for negligence in its exercise to any person to whom their negligence occasioned an injury.” A city was again held liable in Emery v. Lowell, 104 Mass. 13, 17, for negligence in the construction of a sewer, or “in not keeping it free from obstructions.” In Merrifield v. Worcester, 110 Mass. 216, 221, recovery of damages was permitted if “attributable in any degree to the improper construction or unreasonable use of the sewers,” or if due “to the negligence or other fault of the defendant in the care and management of them.” In Bates v. Westborough, 151 Mass. 174, a city was again held liable for damages resulting from neglect in keeping sewers free from obstruction.
Recovery for damage caused by leaking sewage into plaintiff’s cellar was allowed in Allen v. Boston, 159 Mass. 324, and in O’Brien v. Worcester, 172 Mass. 348. It was denied, however, in O’Hearn v. Adams, 288 Mass. 185, because the damages were not caused by the building or maintaining of a sewer, but from “the diversion of the waters of the Hoosac River, so as to flow with increased force onto the land of the plaintiffs, carrying thereon sewage from the school sewer and from other places,” and fur *135 ther because the plaintiffs had not shown that “the acts causing the injury were done pursuant to any vote of the municipality or under any enabling authority so as to establish liability on the part of the defendant.”
It will be noticed that all the above cited cases involved liability of cities for negligence in the construction or maintenance of sewers. In the case at bar, the defendant’s employees were not so engaged at the time of the collision. They were, however, in charge of defendant’s truck by its assent and authority, engaged in its business, and, in respect to that property and business, under its control. Kimball v. Cushman, 103 Mass. 194, 198. Were not the defendant a municipal corporation, but an individual or a business corporation, there would be no question of its liability in similar circumstances.
Under the doctrine that the construction or maintenance of sewers is partly of a commercial character from which a certain advantage is realized, cities and towns have been held liable for their negligence in such construction or maintenance. Haley v. Boston, 191 Mass. 291, 293. That case held, however, that a city was not liable for negligence of its employee engaged in the removal of ashes from dwelling houses, because this service was solely for the public good. The Court suggests, without deciding, that a different question would arise had the driver been engaged in the removal of another type of ashes for which a charge was being made. In Dickinson v. Boston, 188 Mass. 595, 599, the Court found that a city “having voluntarily undertaken the enterprise (maintaining street lamps, one of which, being defective, fell and injured plaintiff) for its private benefit, and not acting in the performance of any public duty, it is liable for negligence in the management of its corporate property when used for such purpose.”
*136 A municipality was held not liable for injury resulting from negligence of its employee while removing snow from a public way, because “performance of that duty is a governmental function, from which the city derives no profit in-its private or corporate capacity.” Pelletier v. Beverly, 292 Mass. 468. The Court then distinguishes that case from Dickinson v. Boston, supra, where, in the latter, “the city undertook the enterprise of lighting its streets for its private benefit and not under any statutory requirement.”
-In Orlando v. Brockton. 295 Mass. 205, recovery for injuries was denied an inmate of the city’s almshouse who was riding in an automobile truck owned by a city and operated by one of its board of public welfare, while returning from carrying wood used at the almshouse, because there was no evidence that income or benefit derived by the city from conducting an almshouse was other than insignificant. In that case, the court, citing Bolster v. Lawrence, supra, repeated the well known principle that “there is no such exoneration of a municipality from liability for negligent acts of its officers or employees in the performance of functions commercial in character, undertaken for its own profit or to protect or benefit its corporate interests.” Recovery was also denied in Kraiterman v. Boston, 303 Mass. 209, because “there was nothing in the record to show, and it cannot be assumed, that the paving division of the department of public works was engaged in work voluntarily undertaken, in part commercial in character, for which any compensation was received.” But, on the other hand, in Baumgardner v. Boston, 304 Mass. 100, recovery was allowed for injuries, resulting .from negligent operation of a motor truck of a city, operated by a recipient of relief from its department of public welfare, used for the purpose of collecting, ref use for the city, because, “it constituted a commercial enterprise in *137 which the defendant voluntarily engaged if not for profit at least for its corporate benefit.”
This last case seems to be nearest in point. There is, besides, an increasing tendency in Massachusetts to protect the traveling public for 'damages to their persons and property caused by the negligent operation of motor vehicles, and for a great number of years our statutes have required compulsory insurance by motorists to operate them on public highways. G. L. c. 90, § 34A. Wheeler v. O’Connell, 297 Mass. 549; Bornbaum v. Employers Liability Ass. Co., Ltd., 311 Mass. 282. This protection should be extended to tzhose who suffer losses from motor vehicles owned by municipal corporations. There is a growing tendency to that effect as Dean Roscoe Pound stated in an article in the N. Y. U. Law Quarterly (July 1947) in which he wrote that “there is a tendency to hold municipal corporations more widely liable and to break down the distinction between their corporate and their governmental activities.” In order to provide such protection, cities and towns are now permitted to make appropriations to pay for insurance providing indemnity for damages caused by their employees within the scope of their employment, Gr. L. (Ter. Ed.) c. 40, § 5, as amended, and to indemnify such employees for their expenses in defending or settling claims against them for such operation. G. L. (Ter. Ed.) c. 41, § 100A, as amended.
Applying the principles in the foregoing cited cases to the facts in the instant case, we are of opinion that sewers are enterprises from which cities derive a commercial benefit, See Johnson v. Somerville, 195 Mass. 370, at 381, and that they are liable for negligence in their maintenance. Harvard Furniture Co., Inc. v. Cambridge, 320 Mass. 227. We think, also, that automobile trucks used to maintain their sewers are an integral part in their operation, Gal *138 luzzi v. Beverly, 309 Mass. 135, and that the defendant’s employee was engaged in its business in operating an automobile truck of the defendant while returning from a place where he had gone to start another automobile truck of the defendant, also used in the maintenance of its sewers.
The trial judge having found that he operated said automobile negligently resulting in the plaintiff’s injuries, we conclude that the defendant city is liable to the plaintiff for said negligence. It was prejudicial error, therefore, to deny plaintiff’s requests numbered 4, 20, 21 and 26.
The finding for the defendant is to be vacated and the . case remanded for a new trial.