THE LOBSTER POT OF LOWELL, INC. *vs*. CITY OF LOWELL.

Middlesex.   March 8, 1955. — July 5, 1955.

Present: WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Sewer. Municipal Corporations*, Liability for tort, Sewer. *Negligence*, Sewer.

In an action against a city for damage to the plaintiff's property resulting from obstruction of a sewer of the city, a finding of liability of the city on the ground of negligence in its maintenance and operation of the sewer was not warranted where there was no evidence of the nature of the obstruction and it was left conjectural whether the obstruction should have been anticipated or would have been disclosed upon periodic inspection.

TORT. Writ in the Superior Court dated August 21, 1951. The action was tried before *Hurley*, J.

*Alan M. Qua,* for the plaintiff.

*Francis K. Monarski,* Assistant City Solicitor, for the defendant.

WILLIAMS, J.   This is an action of tort to recover for property damage caused by the negligent maintenance of the defendant's sewer.   The negligence alleged consisted in permitting the sewer to become defective or "clogged up." At the conclusion of the evidence the judge allowed the defendant's motion for a directed verdict and the plaintiff excepted.

There was evidence that the plaintiff occupied as a tenant and used for restaurant purposes the first floor and basement of a building numbered 35 John Street in Lowell. The building adjoined an alleyway called Pollard Avenue which appears to have been a private way and to have led from John Street to a dead end.   There was an eight inch sewer under Pollard Avenue which connected with a fifteen inch sewer in John Street, both sewers forming a part of the sewerage system of the city.   There was no drain from the restaurant premises into either the Pollard Avenue or the John Street sewer.   At the upper end of Pollard Avenue was a catch basin for surface water which was not installed by the city.   The sewer line in the alleyway was constructed by the city in 1911 and from that time was maintained by the city.   The sewer department did not check the entire sewer system periodically.   On six or seven occasions between 1935 and 1951 the proprietor of the restaurant complained to the department that the sewer in the alleyway was backing up and upon these occasions the department sent crews to the John Street sewer in front of 35 John Street.   They "would open up the sewer by removing the manhole cover from the sewer in John Street and sticking poles through the connecting drain running up the alleyway into the sewer facility located in the alleyway and . . . on some occasions they would take a hose and flush out the drain."   On April 3, 1951, water from the sewer facility in the alleyway entered the downstairs dining room of the restaurant and caused damage.   The sewer department was

notified and its employees cleaned out the drain connecting the sewer in the alleyway with the sewer in John Street in front of the premises. Thereupon the flow of water stopped. At the time of this occurrence the water level in the sewer was substantially below the surface of the alleyway.

A municipality is not responsible for damages which accrue to individuals through any defect or inadequacy in the plan of its system of sewers but "is responsible for damages which accrue to individuals through negligence in the construction, maintenance or operation of its system of sewers." *Pevear* v. *Lynn*, 249 Mass. 486, 488. See *Child* v. *Boston*, 4 Allen, 41, 52–53; *Emery* v. *Lowell*, 104 Mass. 13, 16; *Hill* v. *Boston*, 122 Mass. 344, 358–359; *Murphy* v. *Lowell*, 124 Mass. 564; *Bates* v. *Westborough*, 151 Mass. 174, 182–183; *Allen* v. *Boston*, 159 Mass. 324; *Coan* v. *Marlborough*, 164 Mass. 206; *Norton* v. *New Bedford*, 166 Mass. 48, 51; *Manning* v. *Springfield*, 184 Mass. 245; *Robinson* v. *Everett*, 191 Mass. 587; *Arick* v. *Worcester*, 273 Mass. 134; *Markiewicus* v. *Methuen*, 300 Mass. 560, 565; *Galluzzi* v. *Beverly*, 309 Mass. 135; *Harvard Furniture Co. Inc.* v. *Cambridge*, 320 Mass. 227, 228–229. It appears, in the present case, that the damage to the plaintiff's property was caused by some stoppage in the drain connecting the sewer in the alleyway with that in John Street. There was no evidence of the condition of this drain or of the material which obstructed it. Although the city had the duty of using reasonable care to keep its sewers free from obstructions (*Bates* v. *Westborough*, 151 Mass. 174, 182) in the absence of evidence as to the nature of the obstruction it could not be found to have failed in its duty. Whether it was something which should have been anticipated or which periodic inspection would have disclosed is left to conjecture. *Felch* v. *D'Amico*, 326 Mass. 196. In our opinion there was no error in directing a verdict for the defendant.

*Exceptions overruled.*