Tucker, Richard T., J.
The plaintiffs, Jordan and Harriet Robbins (the “Robbinses”) bring this suit against the City of Worcester (the “City”) arising out of three sanitary sewer back-ups at the Robbinses’ property. The City now moves for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons set forth below, the City’s motion is DENIED.
BACKGROUND
The following facts are drawn from the summary judgment record, and are considered in the light most favorable to the nonmoving party, the Robbinses.
The Robbinses reside at and own the real property located at 17 Kinnicutt Road South, Worcester, Massachusetts. The City, a municipality under the laws of the Commonwealth of Massachusetts, maintains a public sewer system pursuant to G.L.c. 83, §1. Kinnicutt Road is a public way that the City owns and controls.
On May 11, 2000, the City and the Metropolitan District Commission (“MDC”) executed a Sewer Use Agreement (“the Agreement”). The Agreement allowed the MDC to use the City’s sanitary sewer system, and thereby increase the flow within the system. In return, the MDC agreed to provide $2,875 million in sewer system improvements. The Agreement required that the improvements be made in the area of the City that provides sewer services to Kinnicut Road South and the Robbinses’ property.
Prior to entering the Agreement, the City conducted studies to determine if the sewer system, without the improvements, could accommodate the increased flow. In 1996, the MDC produced a report entitled “MDC and Worcester Interceptor Capacity Analysis” (“MDC report”). The MDC report predicted that without the necessary improvements sanitary sewer backups could occur in residential properties during severe weather conditions.
On April 3, 2005, October 15, 2005, and April 16, 2007, the Robbinses suffered sanitary sewer back-ups at their property. In response to the backups, the City dispatched workers from the Sewer Division of the City’s Department of Public Works and Parks (“DPW”) to Kinnicut Road South and the surrounding neighborhood and determined each time that the City’s sewer lines were not blocked or broken. The City also determined that the sanitary sewer system was functioning properly, but that high groundwater levels were infiltrating the system and causing it to surcharge which resulted in sewage backing up into residential properties.
At the time of the sanitary sewer back-ups, the improvements that the Agreement required were still pending. In June 2006, Matthew Labovites, the Assistant Commissioner for the DPW, provided a status *471 report to Robert Moylan, DPWs Commissioner, in which he addressed the MDC’s failure to fulfill to its obligations under the Agreement.
In 2007, the City commissioned a sewer evaluation study by the engineering firm Weston and Sampson (“Weston and Sampson”). Weston and Sampson determined that the sewer system was overwhelmed during extreme weather events, resulting in sanitary sewer backups in residents’ homes. In the report summarizing the results of the study, Weston and Sampson stated that “[the] evaluation shows that the system acted as predicted by the 1996 MDC model.”
On April 1, 2008, the Robbinses filed a lawsuit against the City.[2] Their complaint alleges claims for negligence (Count I), negligent trespass (Count II), nuisance (Count III), continuing trespass (Count IV), and continuing nuisance (Count V). The City brings a motion for summary judgment, arguing that the claims against them are barred by the discretionary function exemption of the Massachusetts Torts Claims Act (“MTCA”). See G.L.c. 258, §10(b).[3]
DISCUSSION
A.Legal Standard
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17(1989). Apartywho does not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc'ns Corp., 410 Mass. 805, 809 (1991). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass, at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. See Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
B.Negligence (Count I)
The Robbinses assert that the City has a duty to operate its sewer system so as to prevent damage to the City residents’ personal and real property, and that it breached its duty by allowing raw sewerage to discharge from its pipe into the Robbinses’ property. The City argues that because the Robbinses’ claims arise out of the alleged inadequacy of the City’s sewer system plan, the discretionary function exclusion of the MTCA bars the claim.
Claims which are subject to § 10(b) must be analyzed under a two-prong test. Harry Stoller & Co., Inc. v. Lowell, 412 Mass. 139, 141 (1992). The first step is to determine “whether the governmental actor had any discretion to do or not to do what the plaintiff claims caused him harm.” Id. at 141. The second step is to determine “whether the discretion that the actor had is that kind of discretion for which § 10(b) provides immunity from liability.” Id. If the conduct that caused the injury has a “high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability.” Id. at 142, citing Whitney v. Worcester, 373 Mass. 208, 218 (1977). Courts distinguish between “those functions which rest on the exercise of judgment and discretion and represent planning and policymaking and those functions which involve the implementation and execution of such governmental policy or planning.” Whitney, 373 Mass, at 217. “For example, a governmental entity is not liable for negligence in the planning of sewers but may be liable for negligence in their construction and maintenance.” Id., citing Lobster Pot of Lowell, Inc. v. Lowell, 333 Mass. 31, 33 (1955).
Here, the City asserts that because the Robbinses’ claim of negligence is based on the inadequacy of the City’s sewer system, it arises out of the City’s discretionary actions in developing the sewer system’s layout. This court disagrees. The record establishes that the Robbinses’ claim is based upon the City’s failure to implement the sewer system improvements prior to increasing the flow within the system. As such, it falls within “the implementation and execution of. . . governmental policy or planning.” Whitney, 373 Mass, at 217. Thus, governmental immunity does not extend to the City’s allegedly negligent conduct. Accordingly, this count survives the summary judgment motion.
C.Negligent Trespass and Continuing Negligent Trespass (Counts II and IV)
The Robbinses assert that the City has committed continuing negligent trespass due to the entry of sewerage onto their property. In addition to arguing that all claims arising out of the City’s alleged negligence are barred under the governmental immunity exemption, the City contends that it cannot be liable for trespass because the sewer system was overwhelmed as a result of its inadequacy, and not because of a voluntary affirmative act on the City’s behalf. See United Elec. Light Co. v. Deliso Constr. Co., 315 Mass. 313, 318 (1943) (“A trespass requires an affirmative voluntary act upon the part of wrongdoer and in that respect differs from negligence”).
Although there is no trespass liability for unintentional, non-negligent acts, see Edgarton v. H.P. Welch 321 Mass. 603, 612 (1947), “[a] plaintiff may recover under the theory of negligent trespass if the jurors determine that the defendant was negligent and that *472 the defendant’s negligent entry onto the plaintiffs land caused the plaintiff harm.” DeSanctis v. Lynn Water & Sewer Comm’n, 423 Mass. 112, 118 (1996), citing Restatement (Second) of Torts §165 (1965). Accordingly, the Robbinses may proceed under the negligence trespass theory. Furthermore, as per the discussion above, the discretionary function exclusion of § 10(b) does not bar the Robbinses’ claims. The City’s motion for summary judgment on these counts must be denied.
D. Nuisance and Continuing Nuisance (Counts III and V)
The Robbinses contend that the City has maintained the sewer system in an unreasonable manner, and as a result, the City has interfered with the Robbinses’ use and enjoyment of their property. The City asserts that it is immune from liability because, just like the rest of the Robbinses’ claims, the nuisance claim arises out of the inadequacy of the City’s plan of its sewer system.
“A private nuisance is actionable when a property owner creates, permits, or maintains a condition or activity on his property that causes a substantial and unreasonable interference with the and enjoyment of the property of another.” Asiala v. Fitchburg, 24 Mass.App.Ct. 13, 17 (1987). Our courts have held that “(m]unicipalities of Massachusetts are liable for private nuisances . .. just as a natural person would be.” Morash&Sons, Inc. v. Commonwealth, 363 Mass. 612, 616 (1973). “Public policy in a civilized community requires that there be someone to be held responsible for a private nuisance on each piece of real estate, and, particularly in an urban area, that there be no oases of nonliability where a private nuisance may be maintained with impunity.” Id. at 619, quoting Kurtigian v. Worcester, 348 Mass. 284, 291 (1965).
This court has already determined that the Robbinses’ claims arise out of the damages to their real and personal property “which accrued . . . through negligence in the construction, maintenance, or operation of its system of sewers.” Lobster Pot of Lowell Inc., 333 Mass, at 33. Furthermore, the question of whether the City of Worcester is making a reasonable use of its properly is a question of fact for the juiy and is not appropriate for summary judgment. See DeSanctis, 423 Mass, at 116 (“Reasonableness is a question of fact for the jurors whose decision is based on consideration of all the relevant circumstances including the amount of harm caused, the foreseeability of the harm which results, the purpose or motive with which the possessor acted, and all other relevant matter”). Accordingly, the City’s motion for summary judgment on these counts must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s summary judgment motion is DENIED.

 In March 2010, the Robbinses experienced another sanitary back-up. They filed a claim form with the City on or about March 11, 2010. The City acknowledged the claim and is presently investigating it.

 Section 10(b) provides, in relevant part: “The provisions of sections one to eight [of chapter 258] shall not apply to . . . any claim based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or employee, acting within the scope of his office or employment, whether or not the discretion is abused.”